**Alexandria**

ALAN C. SCHEER

v.

LUCY ISAACS (SCHEER)

No. 1630-88-4

Decided May 15, 1990

COUNSEL

Gregory L. Murphy (Christopher P. Spera, Murphy, McGettigan & West, on brief), for appellant.

Glenn C. Lewis (Sheila E. Norman, Lewis, Dack, Paradiso & Good, on brief), for appellee.

OPINION

DUFF, J.—Lucy Isaacs (Scheer) obtained a judgment for $67,805, plus interest and attorney's fees, against her former husband, Alan C. Scheer, in the Juvenile and Domestic Relations District Court of Fairfax County. The judgment was for arrearages in child support payments established by the terms of a previously entered property settlement agreement. Originally entered on May 26, 1988, the judgment was vacated pending settlement negotiations between the parties. When negotiations proved unfruitful, the court reinstated the judgment on August 25, 1988, and set an appeal bond for its exact amount, $67,805. On September 2, 1988, Alan Scheer filed his notice of appeal with the circuit court but posted no appeal bond. On September 23, 1988, he filed a motion to reduce bond in the circuit court with a return date of September 29, 1988. On the latter date the circuit court dismissed the appeal, finding that it had no jurisdiction as the appeal bond had not been timely filed. This appeal followed. After careful consideration of the record, briefs and authorities cited, we affirm.

Appellant contends that appeals from juvenile and domestic relations district courts are governed by Chapter 11 of Title 16.1, §§ 16.1-226 through 334. He cites *Walker v. Department of Public Welfare of Page County*, 223 Va. 557, 562, 290 S.E.2d 887, 890 (1982), and in particular, footnote two of that opinion, which states: "Although Chapter 7 of Title 16.1 relates to 'Jurisdiction and Procedure in Criminal Matters,' the above-quoted cross-refer-

ence remains the only vehicle for appeal from the juvenile court to the circuit court." He argues that there is no provision in the Virginia Code that requires posting an appeal bond in order to perfect an appeal in cases such as this.

Ms. Isaacs (Scheer) contends that the action was originally brought to enforce the terms of a property settlement agreement between the parties, or a determination of arrearages and for other relief. She argues that it was, and is, a civil action not governed by the procedures governing appeals in criminal matters. On the contrary, she argues that the appeal is governed by Code § 16.1-107[1] relating to appeals of civil matters from courts not of record. That Code section expressly requires the posting of an appeal bond. When the bond is not given, the appellate court has no jurisdiction. She cites *The Covington Virginian, Inc. v. Woods*, 182 Va. 538, 543, 29 S.E.2d 406, 408 (1944), which held: "The statutory requirements for appeal bonds have always been construed as mandatory, and the exercise of appellate jurisdiction confined to the provisions of the written law." We agree.

We entertain no doubt that this case started as a civil action, having as its primary object the ascertainment of support arrearages and the securing of a judgment therefor. The fact that appellant also was found in civil contempt of court, and a sanction was imposed, does not alter the fundamental nature of the relief sought by Ms. Isaacs. The case was treated as a civil proceeding

---

[1] No such appeal shall be allowed unless and until the party applying for the same or someone for him shall give bond, in an amount and with sufficient surety approved by the judge or by his clerk if there be one, to abide by such judgment as may be rendered on appeal if such appeal be perfected, or if not so perfected, then to satisfy the judgment of the court in which it was rendered; provided, however, that no appeal bond shall be required of the Commonwealth and when such appeal is proper to protect the estate of a decedent, an infant, a convict, an insane person, or the interest of a county, city or town, no bond shall be required. If such bond is furnished by or on behalf of any party against whom judgment has been rendered for money or property, or both, the bond shall be conditioned for the performance and satisfaction of such judgment or order as may be entered against such party on appeal, and for the payment of all costs and damages which may be awarded against him in the appellate court. If the appeal is by a party against whom there is no recovery except for costs, the bond shall be conditioned for the payment of such costs and damages as may be awarded against him on the appeal.

In addition to the foregoing, the party applying for appeal shall, within thirty days from the date of the judgment, pay to the clerk of the court from which the appeal is taken the amount of the writ tax of the court to which the appeal is taken and costs as required by subsection (17) of § 14.1-112.

in the juvenile and domestic relations court and the appeal to the circuit court was, therefore, civil in nature. See *Walthall v. Commonwealth*, 3 Va. App. 674, 680, 353 S.E.2d 169, 172 (1987).

Code § 16.1-107 specifically provides for a bond in the appeal of a civil case from a "court not of record." The juvenile and domestic courts of the Commonwealth are courts "not of record." In *Godlewski v. Gray*, 221 Va. 1092, 277 S.E.2d 213 (1981), the case relied upon by the trial judge, the Supreme Court held there was a thirty day limit from the date of judgment for posting bond in appeals from courts not of record. The Supreme Court observed:

> Therefore, because the statutory framework explicitly allows 30 days for the appellant, and the clerk of the court not of record, to *complete* all the other requirements for the appeal, . . . . we believe the General Assembly meant to permit the often involved, time-consuming process of giving bond likewise *to be completed* within 30 days of the date of judgment."

Id. at 1097, 277 S.E.2d at 216 (emphasis added).

The date of the judgment in the juvenile and domestic relations court was August 25, 1988. No motion to reduce bond was filed in that court. On September 23, 1988 such a motion was filed in the circuit court, but no action was taken thereon within thirty days from the date of judgment. We hold that upon the expiration of thirty days, the circuit court was without jurisdiction to entertain the appeal, and no error was committed by its dismissal.

We also find that *Walker v. Department of Public Welfare* is not controlling or dispositive of the issue before us. *Walker* involved the procedure applicable to an appeal from an order of a juvenile and domestic relations district court terminating residual parental rights. The department contended that an interlocutory order of the juvenile court was appealable but not having been appealed within ten days of entry, it became final. In citing Code § 16.1-296 as the only provision relating to appeals from the juvenile court to the circuit court, the Supreme Court emphasized that only a final order or judgment of the juvenile court was appealable. 223 Va. at 562, 290 S.E.2d at 890. The language cited by appellant was dictum and did not purport to resolve the issue

before us.

The provisions of Code § 16.1-136 *et seq.*, relied upon by appellant, indeed make no provision for an appeal bond. These statutes, however, relate to procedural aspects of how criminal cases are tried on appeal, questions which are irrelevant to this appeal. The absence of any reference to an appeal bond in Code § 16.1-136 *et seq.* in no way abrogates the mandatory provisions of Code § 16.1-107, which require a bond in an appeal of a civil case.

■ Appellant also argues that the trial court abused its discretion in not permitting the appellant, pursuant to Code § 16.1-114.1[2] to continue his appeal. We disagree. The statute refers to "mere defects" and "irregularities" and "the form of such pleading." It does not envision or authorize the exercise of discretion to excuse the total failure to comply with a mandatory statutory requirement for an appeal bond. *See Hurst v. Ballard,* 230 Va. 365, 368, 337 S.E.2d 284, 285 (1985).

Accordingly, the judgment appealed from is

*Affirmed.*

Coleman, J., and Moon, J., concurred.

---

[2] Actions or proceedings appealed or removed from district courts shall be tried according to the principles of law and equity, and when the same conflict the principles of equity shall prevail. No warrant, motion or other pleading shall be dismissed by reason of a mere defect, irregularity or omission in the proceedings in the district court, or in the form of any such pleading, when the same may be corrected by a proper order of the court of record. In any such case the court of record shall retain the same, with full power to direct proceedings to correct such defects, irregularities and omissions, to promote substantial justice to all parties, and to bring about a trial of the merits of the controversy. This section shall be liberally construed, to the end that justice is not delayed or denied by reason of errors in the pleadings or in the form of the proceedings.