### Richmond

LORETTA FULKE CASEY

v.

HOPEWELL DEPARTMENT OF SOCIAL SERVICES

No. 1656-91-2

Decided March 31, 1992

COUNSEL

Brad P. Butterworth, for appellant.

Lawrence D. Diehl (Marks & Harrison, on brief), for appellee.

OPINION

**BARROW, J.**—This appeal is from a termination of a mother's parental rights to her child. An appeal bond was not posted when the order terminating the mother's parental rights was appealed from the juvenile and domestic relations district court to the circuit court. We hold that such a bond is not required because appeals from orders terminating parental rights are governed by the provisions of Chapter 7 (§§ 16.1-123.1 et seq.) of Title 16.1, not Code § 16.1-107 governing appeals of certain civil cases from courts not of record.

The juvenile and domestic relations district court granted a petition of the Hopewell Department of Social Services to terminate the mother's parental rights to her child in order to place the child for adoption. The mother appealed to the circuit court. The circuit court, on the motion of the department of social services, dismissed the appeal because the mother had not posted an appeal bond within thirty days of entry of the juvenile court's order.

■ Appeals "[f]rom any order entered or judgment rendered in a court not of record in a civil case in which the matter in contro-

versy is of greater value than fifty dollars . . . or when the case involves the constitutionality or validity of a statute . . . or of an ordinance or bylaw of a municipal corporation" are governed by the provisions of Code §§ 16.1-106 through 16.1-118.1. Code § 16.1-106. Appeals governed by these provisions are not "allowed unless and until the party applying for the same . . . shall give bond, in an amount and with sufficient surety approved by the [court]." Code § 16.1-107.

■ However, these provisions do not apply to an appeal of a proceeding "involving termination of parental rights brought under § 16.1-283." Code § 16.1-296. Appeals from these proceedings, like "any final order or judgment of the juvenile court affecting the rights or interests of any person coming within its jurisdiction," are governed by the provisions of Chapter 7 of Title 16.1. Code § 16.1-296. Chapter 7 of Title 16.1 provides a right of appeal without requiring an appeal bond. *See* Code § 16.1-132.

■ The department of social services relies on our opinion in *Scheer v. Isaacs*, 10 Va. App. 338, 392 S.E.2d 201 (1990), to support its position that the provision in Code § 16.1-107 requiring an appeal bond applies to this proceeding. *Scheer* dealt with a judgment awarding child support arrearage, not with a termination of parental rights. *Scheer*, 10 Va. App. at 339, 392 S.E.2d at 202. The opinion in *Scheer* expressly distinguished "an order of a juvenile and domestic relations district court terminating residual parental rights." *Id.* at 341, 392 S.E.2d at 203. Furthermore, although Chapter 7 of Title 16.1 relates to "[j]urisdiction and [p]rocedure in [c]riminal [m]atters," its provisions remain "the only vehicle for appeal from the juvenile court to the circuit court." *Walker v. Department of Pub. Welfare*, 223 Va. 557, 562 n.2, 290 S.E.2d 887, 890 n.2 (1982).

For these reasons, we conclude that the trial court erred in dismissing the mother's appeal; therefore, we reverse its order dismissing her appeal and remand the matter for further proceedings.

*Reversed and remanded.*

Koontz, C.J., and Benton, J., concurred.