## CIRCUIT COURT OF AMHERST COUNTY

Commonwealth of Virginia,
Department of Social Services, et al.

    v.

Patrick McCall

February 17, 1993

Case No. 8109

By Judge J. Michael Gamble

This case comes to this Court on appeal from the Juvenile and Domestic Relations District Court ("J. & D. R. Court") by the Defendant from an order of the J. & D. R. Court holding him in contempt and imposing a jail sentence by virtue of his failure to pay child support as ordered.

On November 23, 1992, the J. & D. R. Court found McCall guilty of contempt for failure to pay support, set the support arrearage as of October 31, 1992, at $3,370.00, sentenced the Defendant to 365 days in jail, with 265 suspended, and directed that "100 days to serve unless arrearage paid in full." Additionally, the Court set an appeal bond at $450.00. The Plaintiff ("DCSE") has filed a motion with this Court requesting that this Court increase the appeal bond. DCSE maintains that this bond should have been set at $3,370.00, the amount of the arrearage, pursuant to § 16.1-107 of the Code of Virginia (1950), as amended.

In 1992 the General Assembly amended § 16.1-107 of the Code of Virginia in part to state as follows:

> Further, no bond shall be required of a party applying for an appeal from an order of a juvenile and domestic relations district court except that the Judge shall order bond for that portion of any order entered or judgment rendered establishing a support

arrearage or suspending payment of support during pendency of an appeal.

Section 16.1-109 of the Code of Virginia provides that the appellate court may, for good cause, require the appellant to give additional security. If the additional security is not given in the time required by the Court, then the appeal must be dismissed. Additionally, the case of *Scheer v. Isaacs*, 10 Va. App. 338, 392 S.E.2d 201 (1990), stands for the proposition that the appeal of a civil case from a General District Court to a Circuit Court must be dismissed if the appropriate bond has not been posted.

The Defendant maintains that this is, in essence, a criminal appeal due to the jail sentence that he received in the lower court, and therefore, the bond provisions of § 16.1-107 do not apply. Thus, the key threshold issue is whether this is a civil contempt proceeding or a criminal contempt proceeding.

In Virginia there are two types of contempt, criminal contempt and civil contempt. Criminal contempt proceedings have been defined as proceedings prosecuted to preserve the power and vindicate the dignity of the court. *Steelworkers v. Newport News Ship Building*, 220 Va. 547, 549, 260 S.E.2d 222 (1979). Citing the case of *Gompers v. Bucks Stove and Range Co.*, 221 U.S. 418, 441 (1911), the Supreme Court of Virginia in *Steelworkers v. Newport News Ship Building* further held:

> It is not the fact of punishment but rather the character and purpose that often serves to distinguish between the two classes of cases. If it is for civil contempt, the punishment is remedial and for the benefit of the complainant. But if it is criminal contempt, the sentence is punitive to vindicate the authority of the court . . . But imprisonment for civil contempt is ordered where the defendant has refused to do an affirmative act required by the provisions of an order which, either in form or substance, was mandatory in its character. Imprisonment in such cases is not inflicted as punishment but is intended to be remedial by coercing the defendant to do what he had refused to do. The decree in such cases is that the defendant stand committed unless and until he performs the affirmative act required by the court's order. *Id.* at 550.

In *Leisge v. Leisge*, 224 Va. 303, 296 S.E.2d 538 (1982), a father appealed a contempt sentence of ninety days in jail which he received as a result of violating a custody order. This sentence was suspended during the

father's good behavior and obedience to all orders of the Court. The Supreme Court of Virginia held that this was civil contempt because the intent of the order was to be remedial. *Id.* at 307-308.

In the instant case, it is clear that the intent of the J. & D. R. Court was for its order to be remedial. The order of November 23, 1992, provides that the Defendant had one hundred days to serve unless the arrearage was paid in full. Obviously, the purpose of this order is to cause the Defendant to remedy his failure to comply with the earlier orders of the Court. It is thus remedial and civil, rather than punitive. Therefore, the appeal is not a criminal appeal. Further, the punishment does not mandate that the Defendant be offered a jury trial because the actual sentence received by the Defendant was less than six months. *Bloom v. U.S.*, 391 U.S. 194 (1968), and *Shillitani v. U.S.*, 384 U.S. 364 (1966).

The Defendant also argues that the 1992 amendment to § 16.1-107 is not applicable to this case because the arrearage occurred before the effective date of the amended statute in 1992. This argument does not convince the Court for two reasons. First, the appeal in this case was pursuant to a judgment rendered on November 23, 1992. This was after the effective date of the statutory amendment (July 1, 1992). Also, even if it was rendered before July 1, 1992, the statutory amendment is remedial because it clarifies the procedure on appeal. When a statute is curative or remedial in nature, it may be applied retroactively. *Cohen v. Fairfax Hospital Association*, 12 Va. App. 702, 705 (1991).

Accordingly, the motion to increase the appeal bond to $3,370.00 is granted. Mr. McCall will have thirty days from this date to file with the Clerk an appeal bond in the sum of $3,370.00 in cash or with good corporate surety approved by the Clerk of this Court.

### December 7, 1993

This case comes before this Court on appeal from the Juvenile and Domestic Relations District Court of Amherst County by the Defendant from an order of the J. & D. R. Court holding him in contempt and imposing a jail sentence by virtue of his failure to pay child support as ordered.

On March 2, 1992, the J. & D. R. Court found McCall guilty of contempt for his failure to pay support, set the support arrearage, sentence McCall to three hundred sixty-five days in jail, with two hundred sixty-five days suspended, and directed that "one hundred days to serve unless

arrearage paid in full." On November 23, 1992, the J. & D. R. Court set the revised support arrearage at $3,370.00.

The J. & D. R. Court set an appeal bond at $450.00. McCall duly noted an appeal to this decision.

The Petitioner, Division of Child Support Enforcement ("DCSE"), has filed a Motion with this Court requesting this Court to increase the appeal bond. DCSE maintains that the appeal bond from J. & D. R. Court should have been set at $3,370.00, the amount of the arrearage, as required by § 16.1-107 of the Code of Virginia (1950), as amended. Section 16.1-107 of the Code of Virginia provides in part as follows:

> Further, no bond shall be required of a party applying for an appeal from an order of a juvenile and domestic relations district court except that the judge shall order bond for that portion of any order entered or judgment rendered establishing a support arrearage or suspending payment of support during the pendency of an appeal.

DCSE maintains that § 16.1-107 mandates that the Court set the appeal bond at the amount of the arrearage in this case, $3,370.00. DCSE notes that § 16.1-109 of the Code of Virginia provides that an appellate court may, for good cause, require the appellant to give additional security. Additionally, DCSE argues that in *Scheer v. Isaacs*, 10 Va. App. 338, 340 (1990), the Court of Appeals of Virginia held that the appeal of a civil case from General District Court to a Circuit Court must be dismissed for lack of jurisdiction if the appropriate appeal bond has not been posted.

By letter opinion dated February 17, 1993, this Court ruled the DCSE is correct in requiring the appeal bond to be increased to $3,370.00. In its opinion, McCall was given thirty days to file with the Court an appeal bond in this amount. The Court, however, did not enter an order implementing the decision set forth in the letter of February 17, 1993. This is partially because Mr. McCall's first court-appointed attorney, Thomas S. Leebrick, developed a conflict of interest and was allowed to withdraw. Subsequently, Stephen C. Martin was appointed attorney for Mr. McCall. This Court gave Mr. Martin time to file and make such additional arguments as he deemed appropriate. Mr. Martin, on behalf of McCall, has filed a memorandum and made further legal arguments to the Court.

McCall argues that he should not be required to post an appeal bond on two grounds. First, he argues that the contempt proceeding is a criminal proceeding and not a civil proceeding, and thus the appeal bond require-

ment set forth in § 16.1-107 of the Code of Virginia does not apply. McCall maintains that as a criminal contempt proceeding, he is entitled to an appeal of right without the requirement that bond be posted in the amount of the support arrearage. Additionally, McCall maintains that the Code of Virginia does not require a bond on appeal from a contempt order under the facts of this case.

This Court will address first the issue of whether or not this is a civil or criminal contempt proceeding. In Virginia there are two types of contempt, criminal contempt and civil contempt.[1] Criminal contempt proceedings have been defined as proceedings prosecuted to preserve the power and vindicate the dignity of the Court. *Steelworkers v. Newport News Shipbldg.*, 220 Va. 547, 549 (1979). On the other hand, the Supreme Court of Virginia has held that a contempt proceeding is civil where the intent of the order was to be remedial. *Leisge v. Leisge*, 224 Va. 303, 307-308 (1982). Citing the United States Supreme Court case of *Gompers v. Bucks Stove and Range Co.*, 221 U.S. 418, 441 (1911), the Supreme Court of Virginia in *Steelworkers* distinguished between civil and criminal contempt proceedings as follows:

> It is not the fact of punishment but rather the character and purpose that often serves to distinguish between the two classes of cases. If it is for civil contempt, the punishment is remedial and for the benefit of the complainant. But if it is for criminal contempt, the sentence is punitive, to vindicate the authority of the court. *Id.* at 550.

In several cases, the United States Supreme Court has addressed the issue of whether a contempt proceeding is civil or criminal for the purpose of determining whether criminal procedural protections are applicable. In *Shillitani v. U.S.*, 384 U.S. 364 (1966), the Court considered a case where the petitioners had been imprisoned for two years for having refused to testify before a grand jury. The trial court treated this as civil contempt proceedings. The Supreme Court of the United States upheld the trial court. Mr. Justice Clark, writing the majority opinion for the Court and citing *Gompers*, noted that, "It is not the fact of punishment but rather its character and purpose" that distinguishes civil and criminal contempt. *Id.* at 369. In *Shillitani*, the Court noted that the purpose of the contempt

---

[1] This Court also notes that contempt proceedings can be direct or indirect. The Court finds that the instant case is an indirect proceeding.

proceeding was to remedy the refusal of the petitioners to testify before the grand jury. This was remedial. That is likewise the situation in the instant case. The contempt order issued by the J. & D. R. Court directed the Defendant to serve the jail sentence unless the arrearage was paid in full. The Court rendered its decision on March 2, 1992, but gave the Defendant until October 6, 1992, to pay the arrearage before reporting to jail. It is thus clear that the J. & D. R. Court had a remedial intent.

In *Hicks v. Feiock*, 485 U.S. 624 (1988), the United States Supreme Court considered a case where the respondent had failed to make support payments, was held in contempt, and was sentenced to twenty-five days in jail. The Supreme Court of the United States reviewed this case to determine whether or not the criminal contempt procedural protections should be given to the respondent. Writing for the Court, Mr. Justice White set forth a definition that changed focus from the character and purpose of the punishment to the punishment itself. In *Hicks*, the Court held that an unconditional penalty is criminal because it is solely and exclusively punitive in character. A conditional penalty, by contrast, is civil because it is specifically designed to compel the doing of some act. *Id.* at 632-633.

If this court applies the focus on punishment as in *Hicks*, rather than the character and purpose of punishment as in *Shillitani*, the outcome is still the same. This is still a civil proceeding because the punishment imposed by the J. & D. R. Court was conditional in nature. The sentence was conditional on McCall not paying his support arrearage by a certain date. Accordingly, whether the analysis of *Shillitani* or the analysis of *Hicks* is followed, the same result is achieved in this case. Thus, this Court finds that the contempt judgment rendered by the J. & D. R. Court in this case is civil.

Next, the Defendant argues that an appeal bond is not required by § 16.1-107 when the appeal is purely from the contempt order. McCall's argument is that an appeal bond in the amount of the arrearage would only be required if the arrearage amount was being appealed.

This Court simply does not read § 16.1-107 in the same manner as McCall. Section 16.1-107 of the Code of Virginia requires that the judge set bond for that portion of a judgment which establishes a support arrearage. The judgment of the J. & D. R. Court clearly established the support arrearage in this case. Thus, the provision of § 16.1-107 must be followed, and the bond must be set at $3,370.00, the amount of the arrearage.

Accordingly, this Court increases the bond to $3,370.00. This bond must be in cash or with good corporate surety. The Court grants McCall

until February 15, 1994, to post the appeal bond. If the appeal bond is not posted by that date, this case will then be remanded to the J. & D. R. Court.