COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Moon, Judges Coleman and Koontz
Argued at Salem, Virginia


PATRICK G. McCALL

v.          Record No. 0087-94-3                OPINION BY
                                         JUDGE SAM W. COLEMAN III
COMMONWEALTH OF VIRGINIA,                     MAY 16, 1995
 DEPARTMENT OF SOCIAL SERVICES,
 DIVISION OF CHILD SUPPORT ENFORCEMENT,
 EX REL. BETH WARE


              FROM THE CIRCUIT COURT OF AMHERST COUNTY
                      J. Michael Gamble, Judge

              Stephen C. Martin (Pendleton, Martin,
              Henderson & Garrett, on brief), for appellant.

              Jack A. Maxwell, Special Counsel D.C.S.E.
              (Betsy S. Elliott, Senior Special Counsel;
              James S. Gilmore, III, Attorney General;
              William H. Hurd, Deputy Attorney General,
              on brief), for appellee.



     In this appeal, we uphold the circuit court's ruling

dismissing a juvenile and domestic relations district court

(J&DR) appeal because the appellant failed to post a $3,370 bond

pursuant to the 1992 version of Code § 16.1-107 for an appeal of

a judgment for the child support arrearages and failed to pursue

his appeal of the civil contempt order.  We hold that when the

appellant failed to post the appeal bond for the support

arrearage judgment, the circuit court was not required on its own

motion to bifurcate the issues and determine whether the

appellant intended separately to pursue an appeal from the civil

contempt citation, which did not require the posting of an appeal

bond under the applicable provision of the 1992 version of

Code § 16.1-107.

The Juvenile and Domestic Relations District Court of Amherst County, pursuant to a show cause summons, determined that Patrick McCall was in arrears in the amount of $3,370 in his court-ordered monthly child support. The J&DR court also found McCall in civil contempt for willfully disobeying the child support order. The J&DR court order sentenced McCall to three hundred sixty-five days in jail, suspended all but one hundred days, and provided that McCall could purge his contempt by paying the support arrearage. McCall appealed the J&DR order to the circuit court.

On appeal to the circuit court pursuant to Code § 16.1-106, the court ruled, in response to appellee's motion to increase the appeal bond, that the $450 bond set by the J&DR court was inadequate to cover appeal of the $3,370 support arrearage judgment. Code § 20-107, as it read in 1992 when the case was before the circuit court, provided that the court "shall order a bond for that portion of any order entered . . . establishing a support arrearage." Accordingly, the court ordered that the appeal bond be increased to $3,370, see Code § 16.1-109, and further ordered that if McCall failed to post the required bond by a date certain, the appeal would be dismissed. When McCall failed to post the required bond, the circuit court dismissed the appeal.

McCall appeals the circuit court's dismissal of his case.

-2-

He contends, for the first time on appeal, that pursuant to the 1992 version of Code § 16.1-107, he may appeal the civil contempt citation without being required to post an appeal bond, even though the bond was required for that portion of the order establishing the support arrearage. Therefore, according to McCall, the trial court erred in dismissing his entire appeal. McCall did not at any time in the trial court request that he be allowed to proceed with an appeal of the civil contempt order, which required no bond, even though the trial court was dismissing the appeal for failing to post an appeal bond for the support arrearage judgment.

When McCall filed his notice of appeal in the J&DR court, he appealed the J&DR court's ruling as to all issues. He did not specify or indicate in any way that he was appealing only the civil contempt citation and not the determination as to the amount of his support arrearage. Moreover, when the appellee moved to increase the appeal bond and when the court ordered that an adequate appeal bond be posted for the support arrearage or the appeal would be dismissed, McCall did not move or request that he be allowed to proceed with his appeal of the civil contempt citation, which required no appeal bond. For the first time on appeal, McCall contends that the circuit court should have bifurcated the contempt and support issues, on its own motion, and should not have dismissed the appeal of the civil contempt order.

We previously have considered whether an appeal bond was required by the pre-1992 version of Code § 16.1-107 in order to appeal a civil contempt and support arrearage determination order from a J&DR court.  See Scheer v. Isaacs, 10 Va. App. 338, 392 S.E.2d 201 (1990).  When Scheer was decided, however, Code § 16.1-107 did not contain that provision, which went into effect in 1992, that expressly provided no bond shall be required to appeal from a J&DR court order, except that the judge shall require an appeal bond for that portion of the appealed order establishing a support arrearage.[1]

The 1992 amendment to Code § 16.1-107 changed the general provision that had controlled the outcome in the Scheer case, which was that an appeal bond was required in most civil appeals from courts not of record.[2]  The 1992 amendment adopted the

---

[1] Prior to 1992, Code § 16.1-107 read in part as follows: **Requirements for appeal.**—No such appeal shall be allowed unless and until the party applying for the same or someone for him shall give bond, in an amount and with sufficient surety approved by the judge or by his clerk if there be one, to abide by such judgment as may be rendered on appeal if such appeal be perfected, or if not so perfected, then to satisfy the judgment of the court in which it was rendered; provided, however, that no appeal bond shall be required of the Commonwealth and when such appeal is proper to protect the estate of a decedent, an infant, a convict, an insane person, or the interest of a county, city or town, no bond shall be required.

[2] **§ 16.1-107.  Requirements for appeal.**—No appeal shall be allowed unless and until the party applying for the same or someone for him shall give bond, in an amount and with sufficient surety approved by the judge or by his clerk if there is one, to abide by such judgment as may be rendered on appeal if such appeal is perfected, or if not so perfected, then to satisfy the judgment of the court in which it was rendered.  However, no appeal bond shall be required of the Commonwealth or when an

-4-

general principle that for appeals from a juvenile and domestic relations district court "no bond shall be required." However, this general principle had an express exception that applies to the present case. The 1992 version of the statute provided that no bond is required "except that the judge shall order a bond for that portion of any order entered or judgment rendered establishing a support arrearage or suspending payment of support during pendency of an appeal." (emphasis added). Thus, because the 1992 amendment to Code § 16.1-107 had a separate provision for appeals for J&DR courts, the holding in Scheer that Code § 16.1-107 contained "mandatory provisions . . . which require a bond in an appeal of a civil case," Scheer, 10 Va. App. at 342, 392 S.E.2d at 203, has no application to the present case. Accordingly, we must determine whether the 1992 version of Code § 16.1-107, which provides that no appeal bond shall be required for appeals from J&DR courts except that a circuit court "shall order a bond for that portion of any order entered or judgment rendered establishing a support arrearage," required the circuit court to allow an appeal of all issues from a J&DR court and to dismiss only the support issue when the appeal bond is not

appeal is proper to protect the estate of a decedent, an infant, a convict, or an insane person, or the interest of a county, city or town. Further, no bond shall be required of a party applying for an appeal from an order of a juvenile and domestic relations district court except that the judge shall order a bond for that portion of any order entered or judgment rendered establishing a support arrearage or suspending payment of support during pendency of an appeal. (emphasis added).

posted.[3]

In the present case, when McCall noted his appeal of the J&DR court order, he did not specify in the notice of appeal that he was appealing only the contempt order and not the determination of the support arrearage. Furthermore, when the circuit court required him to post additional security for the support arrearage as required by Code §§ 20-107 and -109, McCall did not pursue an appeal of the contempt order or indicate that he was appealing only the contempt finding. Code § 20-107 required that McCall post adequate bond in order to appeal the determination of the child support arrearage. Without posting the required bond or without informing the court that he was pursuing an appeal of the contempt order and not appealing the determination of the support arrearage, McCall disregarded the mandate of Code § 20-107 and the court's order to post an adequate appeal bond.

Neither the J&DR court nor circuit court judge is required to determine whether an appellant intends to appeal only a "portion" of a court's rulings and order. Accordingly, when

---

[3] Subsequent to the General Assembly's 1992 amendment to Code § 16.1-107, which provided for an exception to the bond requirements for J&DR court appeals, in 1993, the General Assembly again amended Code § 16.1-107 by removing the language excepting J&DR appeals from the bond requirement and placing it in Code § 16.1-296. Thus, the provisions governing appeal bonds from J&DR courts are contained in a separate statute, which contains the general proviso that no appeal bond is required except for that portion of a J&DR court order establishing a support arrearage or suspending payment. See Code § 16.1-296(H).

McCall failed to post the appeal bond required by Code § 20-107 and ordered by the circuit court and failed to pursue an appeal of the contempt order, the circuit judge did not err in dismissing McCall's appeal.

Accordingly, we affirm the order of the circuit court dismissing the appeal.                                    <u>Affirmed.</u>