COURT OF APPEALS OF VIRGINIA

Present:  Judges Coleman, Elder and Fitzpatrick
Argued at Richmond, Virginia


TRAVIS LLOYD GIFFORD, ETC.

v.        Record Nos. 0122-95-2 and 0123-95-2

DAVID B. DUNKUM

–AND–                              MEMORANDUM OPINION[*] BY
                                     JUDGE LARRY G. ELDER
DAVID B. DUNKUM                       FEBRUARY 13, 1996

v.        Record No. 0110-95-2

BRENDA LEE GIFFORD


            FROM THE CIRCUIT COURT OF HANOVER COUNTY
                  Richard H. C. Taylor, Judge

            Charles E. Powers (Edward D. Barnes; Edward D.
            Barnes & Associates, P.C., on briefs), for Brenda
            Lee Gifford and Travis Lloyd Gifford.

            (R. Craig Evans; McCaul, Martin, Evans & Cook,
            P.C., on briefs), guardian ad litem for Travis
            Lloyd Gifford.  Guardian submitting on briefs.

            Charles O. Boyles (Gayle, Boyles, Culler &
            Press, on briefs), for David B. Dunkum.


     David B. Dunkum (Dunkum) and Travis Lloyd Gifford (Travis),

by his next friend Brenda Lee Gifford (Brenda), each appeal

various aspects of the circuit court's order finding Dunkum to be

the natural father of Travis and ordering Dunkum to pay child

support.

_____
     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Dunkum raises five arguments on appeal: (1) the circuit court lacked jurisdiction to order support for a legitimate child when the person named in the suit as the biological father was someone other than the father named in the birth certificate; (2) Travis' appeal from the juvenile and domestic relations district court to the circuit court was not properly perfected, where the party appealing was identified as Brenda L. Gifford (Travis' mother); (3) the circuit court erred in allowing discovery in a criminal appeal from a court not of record pursuant to Code § 16.1-296; (4) the circuit court erred in ordering Dunkum to submit to a paternity test; and (5) the circuit court erred in finding Dunkum was the parent of Travis where the paternity blood tests obtained by Travis did not meet the requirements of Code § 20-49.3. In his separate appeal, Travis asserts (1) the circuit court erred in failing to award him attorney's fees and costs; and (2) the circuit court erred in failing to order retroactive child support from the date Travis filed his petition.

We hold that the circuit court erred in failing to order retroactive child support from the date Travis filed his petition. Therefore, we reverse the circuit court's decision as it relates to child support and order Dunkum to pay child support from the date Travis filed his petition on August 3, 1993. We affirm the circuit court's final order in all other respects.

## FACTS

On August 3, 1993, Travis, by his next friend Brenda, filed a petition in the Juvenile and Domestic Relations District Court of Hanover County, naming Dunkum as the biological father and requesting child support. The summons prepared by the juvenile and domestic relations district court styled the case as "Travis Lloyd Gifford, by his next friend, Brenda Lee Gifford v. David B. Dunkum," and assigned it case number A-4885. The juvenile and domestic relations district court dismissed Travis' petition on October 27, 1993.

Brenda Gifford filed a notice of appeal, for a de novo trial, to the Circuit Court of Hanover County on the same day. The notice of appeal included the same case number as the juvenile and domestic relations district court assigned, but did not list Travis as a party. Dunkum filed a motion to dismiss in the circuit court, claiming the appeal was not perfected because Travis, not Brenda, was the necessary party to appeal from the juvenile and domestic relations district court. After holding a hearing, the circuit court denied Dunkum's motion on March 24, 1994.

On August 25, 1994, Travis propounded requests for admission upon Dunkum. When Dunkum refused to respond to such requests, Travis filed a motion for partial summary judgment. Dunkum filed a motion to dismiss discovery, arguing discovery was

inappropriate.  On December 7, 1994, the parties appeared before the circuit court on Travis' request for partial summary judgment and other motions.  After argument, the circuit court entered an order finding Dunkum to be the biological father of Travis and awarding Travis child support effective December 7, 1994.  The circuit court denied Travis' request for attorney's fees and costs.  Each party appealed to this Court.

## II.

### CIRCUIT COURT JURISDICTION

Dunkum asserts that both the juvenile and domestic relations district court and the circuit court lacked jurisdiction to order support for a legitimate child when the person named in the suit as the biological father was someone other than the father named in the birth certificate.  Under Virginia law, a presumption exists in favor of the legitimacy of a child born in wedlock. NPA v. WBA, 8 Va. App. 246, 380 S.E.2d 178 (1989).  Dunkum therefore argues that because Travis' birth certificate listed Brenda's husband as Travis' biological father, and no evidence existed to the contrary, the circuit court erred in refusing to dismiss Travis' petition.  We disagree.

The General Assembly did not proscribe courts' jurisdiction in matters involving presumptive parentage as recorded on a birth certificate.  See, e.g., Code § 16.1-241 (generally delineating jurisdiction of juvenile and domestic relations district courts); Code § 16.1-241(Q)(specifically granting juvenile and domestic

-4-

relations district courts authority to determine parentage under Code § 20-49.1 et seq.).  Furthermore, Code § 32.1-272(B) expressly states, "[a] certified copy of a vital record . . . shall be considered for all purposes the same as the original and shall be prima facie evidence of the facts therein . . . ." (Emphasis added.)  We know of no statute or case preventing a child from rebutting the prima facie evidence of his or her parentage as demonstrated in a birth certificate.  See Johnson v. Branson, 228 Va. 65, 319 S.E.2d 735 (1984).

### III.

### MISIDENTIFICATION OF PARTY ON APPEAL

At a January 25, 1994 circuit court hearing on this issue, Dunkum argued that the appeal to the circuit court listed "Brenda L. Gifford" as the party appealing, whereas the final order entered in the juvenile and domestic relations district court styled the case as "Travis Lloyd Gifford, by his next friend, Brenda Lee Gifford."  Dunkum contended, and contends on appeal, that because the appeal was not taken in Travis' name it was not an appeal by him as a necessary party, and therefore, the circuit court lacked jurisdiction over the case.  We disagree with Dunkum.

After argument on the issue, the circuit court denied Dunkum's motion to dismiss, holding that because the case number on the notice of appeal matched the case number assigned in the juvenile and domestic relations district court, the parties and

the court had sufficient notice of the case that was being appealed. The circuit court did not err in its ruling.

In so holding, we follow the logic of Carlton v. Paxton, 14 Va. App. 105, 415 S.E.2d 600, aff'd en banc, 15 Va. App. 265, 422 S.E.2d 423 (1992). In Carlton, the appellant filed a timely notice of appeal but incorrectly identified the order being appealed. The appellee argued that the appeal should have been dismissed because of this error. We held that the appeal did not fail on procedural grounds. Although the timeliness provision of Rule 5A:69(a) is mandatory, we held that "[n]either the Rules nor prior case decisions mandate dismissal of an appeal when an error of reference and not timely filing is at issue." Id. at 109-110, 415 S.E.2d at 602. This rule is designed to protect the appellee, not to penalize the appellant. Id. at 110, 415 S.E.2d at 602 (citing Avery v. County School Bd., 192 Va. 329, 333, 64 S.E.2d 767, 770 (1951)). Following this reasoning, we hold in this case that the trial court did not err in refusing to dismiss the appeal.

IV.

DISCOVERY IN CIRCUIT COURT PROCEEDINGS

Dunkum asserts discovery is not available where a case is appealed pursuant to Code § 16.1-296 from a juvenile and domestic relations district court to a circuit court. Dunkum argues that because the case involves a criminal matter, not a civil matter, discovery was inappropriate. We disagree.

Rules 4:0 and 4:1 provide that parties involved in actions at law or suits in equity may obtain discovery by requests for admission, as Travis did in this case. A petition for child support is a civil action, Scheer v. Isaacs, 10 Va. App. 338, 340, 392 S.E.2d 201, 202 (1990), and a proceeding to determine parentage under Title 20, Chapter 3.1 is a civil action. Code § 20-49.7. See Code § 16.1-296(F). Thus, the circuit court proceedings are to conform to civil equity practice.

Additionally, "[t]he case was treated as a civil proceeding in the juvenile and domestic relations court and the appeal to the circuit court was, therefore, civil in nature." Id. at 340-41, 392 S.E.2d at 202 (citing Walthall v. Commonwealth, 3 Va. App. 674, 680, 353 S.E.2d 169, 172 (1987)). Finally, Dunkum's counsel specifically conceded at the circuit court's August 12, 1994 hearing that the case was "to be tried as a chancery case."

Dunkum did not question the use of discovery in a civil de novo trial in the circuit court. The only question raised regarding this issue was the propriety of discovery in a criminal appeal. Consequently, we assume, without deciding, that the rules applicable to civil cases initiated in circuit court apply in this case. When Dunkum did not answer Travis' request for admission, the facts set forth in the request were deemed admitted. Rule 4:11(a)(stating a party admits matters if he does not respond within 21 days to requests for admission); Metro Mach. Corp. v. Mizenko, 244 Va. 78, 82, 419 S.E.2d 632, 634

(1992). One request for admission specifically asked Dunkum whether he was "the biological father of Travis Lloyd Gifford." Another request asked Dunkum if he signed an affidavit on May 27, 1992, in which he admitted paternity of Travis. Because Dunkum never answered these questions, he is deemed to have admitted paternity.

Because Dunkum admitted his paternity in the circuit court proceedings, we need not decide two separate issues, raised by Dunkum, namely: (1) the circuit court erred in ordering Dunkum to submit to a paternity test; and (2) the circuit court erred in finding Dunkum was Travis' father where the paternity blood tests obtained by Travis did not meet the requirements of Code § 20-49.3.

V.

ATTORNEY'S FEES AND COSTS AND RETROACTIVE CHILD SUPPORT

First, Travis argues the trial court abused its discretion in refusing to award Travis reasonable attorney's fees and costs. We disagree. An award of attorney's fees is a matter submitted to the sound discretion of the trial court and is reviewable on appeal only for an abuse of discretion. Ingram v. Ingram, 217 Va. 27, 29, 225 S.E.2d 362, 364 (1976). The key to a proper award of attorney's fees is reasonableness and must be made only after examining all of the circumstances and equities. McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 162 (1985). Travis did not show that the circuit court abused its discretion.

The circuit court made no finding Dunkum abused the discovery process, it never sanctioned him for abuse of any type, and Travis fails to concretely allege how Dunkum used dilatory tactics in prolonging the course of the litigation. See Alphin v. Alphin, 15 Va. App. 395, 406, 424 S.E.2d 572, 578 (1992).

Second, Travis asserts the circuit court erred in failing to make its child support award retroactive to the date the petition was filed, instead of making it effective on the date of its final order. "Code § 20-107.2(2) vests discretion in the trial court in awarding child support and such awards will not be reversed on appeal unless plainly wrong or unsupported by the evidence." Young v. Young, 3 Va. App. 80, 81, 348 S.E.2d 46, 47 (1986)(citation omitted). Despite the circuit court's broad discretion in this area, we hold that the circuit court's ruling on child support was plainly wrong. See Hur v. Virginia Dept. of Social Svcs. ex rel. Klopp, 13 Va. App. 54, 62, 409 S.E.2d 454, 459 (1991). In announcing its ruling, the circuit court held that child support payments "are to start from today[,] and [Travis] will not get any prior support because the Court feels that we were in this position because of [Brenda's] position she took and changed from the date of birth until we proved otherwise." The circuit court abused its discretion because its ruling penalized Travis, the beneficiary of the child support, for actions taken not by Travis, but by Travis's mother, Brenda. We therefore reverse this ruling of the circuit court's order

and render judgment upon the merits, ordering retroactive child support in the amount awarded by the court from August 3, 1993. See Code § 8.01-681.

For the foregoing reasons, we affirm in part and reverse in part the circuit court's order, and we remand the case for the circuit court to enter an order of support in accordance with the foregoing.

Record No. 0110-95-2 <u>affirmed</u>.

Record Nos. 0122-95-2, 0123-95-2 <u>reversed and remanded</u>.