## CIRCUIT COURT OF THE CITY OF NORFOLK

Lillian Gwynne Trent Zaret

v.

Peter Harold Zaret

July 8, 2005

Case No. (Chancery) CH05-1024

BY JUDGE JOSEPH A. LEAFE

This matter is before the Court on Defendant's Motion to Dismiss Plaintiff's Appeal based on *res judicata.* The Court has heard oral arguments and has examined briefs submitted by the parties.

Plaintiff, Ms. Zaret, filed a motion for a show cause summons on February 3, 2005, in Norfolk's Juvenile and Domestic Relations Court (J&DR court) seeking to hold Defendant, Dr. Zaret, in contempt for a child support arrearage in the amount of $8,500.00. Ms. Zaret also sought Dr. Zaret's payment of $1,514.00 for dental expenses. The Show Cause summons, issued on February 24, 2005, was on a civil summons form. The Order from the J&DR court indicates that an "arraignment/hearing" was held, and Dr. Zaret pleaded "not guilty." The J&DR court dismissed the show cause on the issue of support and allowed Dr. Zaret ten days to pay the dental bills. On March 24, 2005, Plaintiff filed a Notice of Appeal for Support Proceedings on the civil contempt issue. Defendant then filed this Motion to Dismiss the appeal on the grounds that it is barred by double jeopardy. The key issue is whether the contempt hearing in the J&DR court was a *civil contempt* proceeding or a criminal contempt proceeding.

Defendant asserts that the case below was treated as a criminal contempt proceeding, and jeopardy attached when Ms. Zaret swore her first witness before the J&DR court. *See Martin v. Commonwealth,* 242 Va. 1, 8, 406 S.E.2d 15, 18 (1991) ("Jeopardy . . . attaches after a . . . first

witness is sworn in a bench trial"). The Motion for Show Cause indicates that Defendant was being summoned under Code of Virginia § 16-278.16 and Code of Virginia § 18.2-456. Defendant further contends that the very nature of the J&DR court's order shows that he was acquitted in a criminal proceeding. The type of hearing shown on the order was listed as "arraignment/hearing." Arraignments occur only during criminal proceeding. *See* Va. Code Ann. § 19.2-254. Dr. Zaret pleaded "not guilty." There are no "not guilty" pleas in a civil proceeding. Therefore, Defendant believes that, because the J&DR court treated this matter as criminal contempt and dismissed the contempt finding, both the state and federal constitutions' double jeopardy clauses prevent this Court from retrying the matter.

Plaintiff argues, however, that the charges were for civil contempt, not criminal contempt. The process issued on Plaintiff's petition was a Civil Show Cause summons, indicating that a civil contempt matter was to be tried in the J&DR court. The Show Cause Summons lists the parties as *Zaret v. Zaret*, as opposed to *Commonwealth v. Zaret*, indicating that this was a civil motion. *See Eddens v. Eddens*, 188 Va. 511, 522, 50 S.E.2d 397, 403 (1948) (stating that *civil contempt* proceedings are usually prosecuted in the names of the parties, while *criminal contempt* proceedings are prosecuted in the name of the Commonwealth against the contemnor).

Plaintiff further asserts that the process seeks to enforce compliance with the agreed upon terms of the Court's order, not punishment for the violation of its provisions. The terms of the summons issued asked that Dr. Zaret be sanctioned until he complies with the Court's order. If this were a criminal proceeding, the requested relief would be strictly punishment. Plaintiff contends that, although the J&DR court's proceedings sheet used the terms "arraignment/hearing," this does not make the hearing a criminal proceeding.

In addition, the nature of the relief granted on the same Show Cause summons regarding the matter of dental arrearages shows that the J&DR court clearly treated that part of the matter as civil contempt. The J&DR court took the matter under advisement to be dismissed upon Dr. Zaret's payment of the $1,318.15 arrearage in dental payments to Ms. Zaret within ten days. Because Defendant was not charged with any crime, including criminal contempt or criminal non-support, and because the J&DR court clearly treated the issue of payment for dental care as a civil contempt issue, Plaintiff maintains that the entire matter should be treated as a civil contempt proceeding.

There is support for Plaintiff's argument that she has the right to appeal the decision of the J&DR court regarding the civil show cause. There is also support for Defendant's argument that the show cause was treated as criminal in nature in the J&DR court, and because it was an acquittal, cannot be appealed due to double jeopardy rules. The facts are ambiguous.

The United States Supreme Court addressed the distinction between civil and criminal contempt in the case of *International Union v. Bagwell*, 512 U.S. 821 (1994). This case involved a labor dispute where unions and their members repeatedly violated the trial court's orders regulating the conduct of a labor dispute. *Id.* When discussing the nature of the contempt fines against the union members, the Court stated:

> Although the procedural contours of the two forms of contempt are well established, the distinguishing characteristics of civil versus criminal contempts are somewhat less clear. In the leading early case addressing this issue in the context of imprisonment, *Gompers v. Bucks Stove & Range Co.*, 221 U.S. 418, 441 (1911), the Court emphasized that whether a contempt is civil or criminal turns on the "character and purpose" of the sanction involved. Thus, a contempt sanction is considered civil if it "is remedial, and for the benefit of the complainant. But if it is for criminal contempt the sentence is punitive, to vindicate the authority of the court." *Id.*

> As *Gompers* recognized, however, the stated purposes of a contempt sanction alone cannot be determinative. 221 U.S. at 443. "When a court imposes fines and punishments on a contemnor, it is not only vindicating its legal authority to enter the initial court order, but it also is seeking to give effect to the law's purpose of modifying the contemnor's behavior to conform to the terms required in the order." *Hicks v. Feiock*, 485 U.S. 624, 635 (1988). Most contempt sanctions, like most criminal punishments, to some extent punish a prior offense as well as coerce an offender's future obedience. The *Hicks* Court accordingly held that conclusions about the civil or criminal nature of a contempt sanction are properly drawn, not from "the subjective intent of a State's laws and its courts," *Id.*, but "from an examination of the character of the relief itself," 485 U.S. at 636.

> The paradigmatic coercive, civil contempt sanction, as set forth in *Gompers*, involves confining a contemnor indefinitely until he complies with an affirmative command such as an order "to pay alimony, or to surrender property ordered to be turned over to a receiver, or to make a conveyance." 221 U.S. at 442.

*International Union v. Bagwell*, 512 U.S. 821, 827-28 (1994). *See Leisge v. Leisge*, 224 Va. 303, 296 S.E.2d 538 (1982) (discussing the distinction between civil and criminal contempt); *Commonwealth v. McCall*, 35 Va. Cir. 517 (Amherst County, 1993) (discussing the distinction between civil and criminal contempt in the context of an appeal from J&DR court on the issue of child support payments).

The key considerations in determining whether a sanction is for civil contempt or criminal contempt are (1) the purpose of the sanction, whether it is remedial and for the benefit of the complainant, or if it is punitive to vindicate the authority of the court, and (2) the character of the relief, not only the stated purpose of the contempt. *International Union v. Bagwell*, 512 U.S. 821, 827-28 (1994). While the stated purpose of a contempt sanction alone is not determinative, it is certainly a consideration to be weighed in the Court's analysis. *International Union v. Bagwell*, 512 U.S. 821, 828 (1994) (citation omitted). Ultimately it is the character and purpose of the punishment that determines the class of contempt, not the label assigned to it. *See Leisge v. Leisge*, 224 Va. 303, 307, 296 S.E.2d 538, 540 (1982); *Krieger v. Commonwealth*, 38 Va. App. 569, 579-80, 567 S.E.2d 557, 562 (2002).

Plaintiff filed forms for civil contempt, and it is clear that she intended to seek the type of relief that could be granted for civil contempt. The J&DR court treated the issue of paying the child's dental expenses as a civil contempt matter in that it allowed Dr. Zaret ten days to pay the dentist before sanctions were considered.

The Court believes that the purpose of the contempt in this suit was remedial in nature, seeking compliance with the court order regarding child support payments. The contempt was not filed to punish Defendant for his past transgressions. No sanctions would be issued if Defendant complied with the court ordered payments. The Court finds that this was a civil contempt motion. Ms. Zaret may appeal the decision of the J&DR court to this Court and have a trial de novo. Va. Code Ann. § 16.1-296(A).