COURT OF APPEALS OF VIRGINIA

Present:   Judges McCullough, Russell and Senior Judge Frank
Argued at Norfolk, Virginia

STEVEN LAMONT FORTE

                                                          OPINION BY
v.        Record No. 1220-14-1           JUDGE STEPHEN R. McCULLOUGH
                                                          JUNE 9, 2015

COMMONWEALTH OF VIRGINIA,
  DEPARTMENT OF SOCIAL SERVICES,
  DIVISION OF CHILD SUPPORT ENFORCEMENT,
  *ex rel*. COURTNEY T. NEWSOME


             FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
                              Bonnie L. Jones, Judge

           Charles E. Haden for appellant.

           T. Ann Johns, Assistant Attorney General (Mark R. Herring,
           Attorney General; Beth J. Edwards, Senior Assistant Attorney
           General; Victoria W. Dullaghan, Regional Senior Assistant Attorney
           General, on brief), for appellee.


        Steven Lamont Forte, the father and appellant in this case, challenges the circuit court's

dismissal of his appeal for failure to post a bond.  He also argues that the Division of Child Support

Enforcement, DCSE, should not have been allowed to participate in the case.  We affirm the

judgment of the circuit court for the reasons noted below.

                                        BACKGROUND

        On December 5, 2011, the Hampton Juvenile and Domestic Relations District Court ordered

Forte to pay $1,237 per month in child support to Courtney T. Newsome.  The same order also sets

forth arrearages totaling $18,873.50.  The payments were to begin on January 1, 2012.  When

combined with a required $200 monthly payment toward arrearages, appellant was ordered to pay

$1,437 per month.

Approximately two years later, on December 5, 2013, appellant filed a motion to amend his child support obligation on the basis of a reduction in his income. On February 3, 2014, the juvenile court denied the motion, finding that appellant had not shown a change in circumstances. The court also calculated the support arrearages at $24,328.91. Forte sought to appeal the juvenile court's denial of his motion, and the court ordered him to post an appeal bond for the arrearage amount. He objected to the bond, arguing that "an appeal from a denial of a motion to amend future support payments," such as his appeal, did not require a bond.

The circuit court held that (1) a juvenile court's order cannot be separated, by issue, for appeal; (2) appellant could not appeal the denial of his motion to amend his child support obligation without also appealing the order setting an arrearage; and (3) an appeal bond was necessary and jurisdictional. The circuit court held that, without the necessary appeal bond, it lacked jurisdiction and remanded the case to juvenile court. Appellant filed a lengthy statement of objections. He also argued that DCSE was not properly before the tribunal and lacked standing to object to his motion for modification of child support. The appeal to this Court followed.

ANALYSIS

I. THE CIRCUIT COURT DID NOT ERR IN REQUIRING APPELLANT TO POST A BOND FOR HIS APPEAL TO THAT COURT.

Whether an appeal bond is required is an issue of law, involving statutory construction and review of our precedent, and therefore, we review the lower court judgment *de novo*. See, e.g., Anthony v. Skolnick-Lozano, 63 Va. App. 76, 83, 754 S.E.2d 549, 552 (2014).

"An appeal bond provides assurances that any judgment that may be rendered on appeal, if perfected, will be satisfied." Mahoney v. Mahoney, 34 Va. App. 63, 67, 537 S.E.2d 626, 628 (2000) (en banc). When a bond is required under Code § 16.1-296(H), failure to post one "'constitutes a jurisdictional defect which cannot be corrected after the expiration of the time within which an appeal may be taken.'" Commonwealth v. Walker, 253 Va. 319, 322, 485 S.E.2d 134,

136 (1997) (quoting Parker v. Prince William Cnty., 198 Va. 231, 235, 93 S.E.2d 136, 139 (1956)) (affirming the circuit court's dismissal of the appeal).

Code § 16.1-296(H) governs the posting of bond in appeals from juvenile court to circuit court. It provides, in relevant part,

> No appeal bond shall be required of a party appealing from an order of a juvenile and domestic relations district court except for that portion of any order or judgment establishing a support arrearage or suspending payment of support during pendency of an appeal. In cases involving support, no appeal shall be allowed until the party applying for the same or someone for him gives bond, in an amount and with sufficient surety approved by the judge or by his clerk if there is one, to abide by such judgment as may be rendered on appeal if the appeal is perfected or, if not perfected, then to satisfy the judgment of the court in which it was rendered. . . . An appeal will not be perfected unless such appeal bond as may be required is filed within 30 days from the entry of the final judgment or order.

Id. This statute establishes, as a default principle, that "[n]o appeal bond shall be required of a party appealing from an order of a juvenile and domestic relations district court." Id. It then specifies certain exceptions to this general rule.

One such exception is the bond requirement for "that portion of any order or judgment establishing a support arrearage." Id. Here, the juvenile court calculated arrearages of $24,328.91. Appellant argues that this provision of Code § 16.1-296(H) does not apply because he is not challenging the arrearage determination. He maintains that the only issue he wishes to raise on appeal to the circuit court is his motion to reduce his child support obligation. He contends that he should not have to post a bond for the support arrearages in that circumstance.

In a series of decisions, we have examined the scope of the "arrearage" exception of Code § 16.1-296(H). First, in McCall v. Commonwealth, 20 Va. App. 348, 349, 457 S.E.2d 389, 390 (1995), the circuit court dismissed McCall's appeal because he did not post a bond. He had appealed from a juvenile court's judgment that held him in contempt and also established that he

was in arrears on his child support.  Id.  On appeal to this Court, he contended, for the first time, that no bond was necessary because he wished to appeal only from the contempt finding.  Id. at 350, 457 S.E.2d at 390.  We concluded that an appellant bears the burden of clarifying what he appeals from juvenile court to circuit court.  See id. at 353, 457 S.E.2d at 392.  McCall had not "specif[ied] in the notice of appeal that he was appealing only the contempt order and not the determination of the support arrearage."  Id. at 352, 457 S.E.2d at 392.  Further, he did not inform the circuit court of his appeal's limited scope when that court ordered him to post security for the support arrearage.  Id. "Neither the J&DR court nor circuit court judge is required to determine whether an appellant intends to appeal only a 'portion' of a court's rulings and order."  Id. at 353, 457 S.E.2d at 392. Accordingly, we affirmed the judgment of dismissal.  Id.

We returned to the issue in Avery v. Commonwealth, 22 Va. App. 698, 472 S.E.2d 675 (1996).  There, the juvenile court assessed an arrearage against Avery and also held him in contempt.  Id. at 699, 472 S.E.2d at 676.  After the circuit court dismissed his appeal for failure to post a bond, he appealed to this Court, arguing that the circuit court had jurisdiction over the contempt issue.  Id. at 699, 472 S.E.2d at 675.  We held that, unlike McCall, Avery made it sufficiently clear to the court that he was appealing only the contempt finding and that he was not challenging the arrears.  Id. at 702, 472 S.E.2d at 677.  Under those circumstances, we held that the court erred in requiring him to post a bond.  Id.

We further clarified the necessity for an appeal bond in Mahoney, 34 Va. App. 63, 537 S.E.2d 626.  In that case, the appellant asserted that he was not challenging the arrearages that the juvenile court imposed and, therefore, he was not required to post an appeal bond.  Id. at 66, 537 S.E.2d at 627.  He contended that he was challenging the jurisdiction of the circuit court to render judgment.  Id.  We disagreed, concluding that his "challenge to the validity of 'all orders entered' by the juvenile court, and to the authority of the court to enter any such orders, necessarily and

logically implicate[d] a challenge to the subject of the orders entered by the juvenile court." Id.[1]
As a result, he was required to post an appeal bond in connection with the arrearages. Id.

Finally, in Sharma v. Sharma, 46 Va. App. 584, 620 S.E.2d 553 (2005), the juvenile court entered an order on April 12, 2004, increasing the amount of child support the father was required to pay and also determining an arrearage in the amount of $694.27. Id. at 586-87, 620 S.E.2d at 554. The order was retroactive to July 17, 2003, the date on which the father had received notice of the mother's motion for an increase in child support. Id. The juvenile court set an appeal bond at $0. Id. at 587, 620 S.E.2d at 554-55. We reaffirmed prior holdings that "a judgment may have a component that requires an appeal bond (arrearage) and a component that does not." Id. at 591, 620 S.E.2d at 556. We held that a bond set by the court at $0 does not satisfy the requirements of the statute. Id. at 589-90, 620 S.E.2d at 556. We further held that an appeal bond was mandatory because "the arrearage judgment [was] intrinsically, inherently, and logically related to the child support judgment." Id. at 592, 620 S.E.2d at 557. We explained that

> [t]he arrearage arose because of the effective date of the increase in child support. Without the ruling on child support, there would be no arrearage. Therefore, these two issues could not be separated on appeal, nor could the judgment appealed be bifurcated. . . .
>
> \* \* \* \* \* \* \*
>
> . . . [E]ven if appellant chose not to pursue the arrearage issue, arrearage is so intertwined with the increase in child support, the circuit court, by necessity, must address the arrearage. If the circuit court on appeal would determine there should be no increase in child support, there would be no arrearage.

Id. at 592-93, 620 S.E.2d at 557. Those facts distinguish Sharma from our prior decision in Avery: "In Avery, whether or not the appellant was found guilty of contempt, i.e., a willful failure to pay child support, that result would not affect the arrearage judgment." Id. at 593, 620 S.E.2d at 557.

---

[1] Mahoney does not overrule or even question the ongoing validity of our panel decisions in McCall and Avery.

Summarizing these decisions, then, (1) when required by Code § 16.1-296(H), the posting of a bond is mandatory, and failure to post the bond deprives the circuit court of jurisdiction to hear the appeal and results in dismissal of the appeal; (2) even when an appellant does not challenge the amount of the arrearage, if the arrearage is intrinsically and logically related to the issue appealed, he must post an appeal bond; and (3) an appellant who challenges an issue that is not intrinsically and logically related to the arrearages, such as a finding of contempt, may do so without posting a bond – but he must make clear to the court that his appeal does not challenge the support arrearage.[2]

In a separate written submission, attached to his notice of appeal, appellant made clear that he was not challenging the amount of the arrearage. This was sufficient to alert the court that he was limiting his appeal to the denial of his motion to reduce his child support. We conclude, however, that the appeal of the denied motion to reduce child support is intrinsically and logically related to the arrearages. By statute, whenever a court issues an order directing the payment of child support, whether the order is an original or modifies an existing order, it must determine the amount of arrearages, if any. See Code § 20-60.3(9) (requiring a trial court to include, in an order directing the payment of child support where arrearages exist, among other things, the arrearages' amount); see also Virginia Civil Benchbook for Lawyers and Judges § 7.15[2][a][x],

---

[2] A separate provision of Code § 16.1-296(H) specifically addresses contempt and provides courts with discretion to set a bond in such cases:

> Upon appeal from a conviction for failure to support or from a finding of civil or criminal contempt involving a failure to support, the juvenile and domestic relations district court *may require* the party applying for the appeal or someone for him to give bond, with or without surety, to insure his appearance and may also require bond in an amount and with sufficient surety to secure the payment of prospective support accruing during the pendency of the appeal.

(Emphasis added.) It was added after this Court's decision in Avery. 1997 Va. Acts chs. 654, 664. Plainly, a party challenging only the finding of contempt may still be required to post a bond.

at 7-182 (2014-15 ed.). Consequently, the circuit court on appeal would have to determine the existence and amount of any arrearages. The support obligation continued while the appeal was pending. Therefore, it is likely that the amount of arrearages calculated by the circuit court would be different than the amount calculated by the juvenile court. Furthermore, if the circuit court were to agree that appellant's child support payments should be reduced, the court could order them reduced on the day he served the motion on his former spouse. See Code § 20-108 (allowing a court to modify child support "from the date that notice of such petition has been given to the responding party"); O'Brien v. Rose, 14 Va. App. 960, 965, 420 S.E.2d 246, 249 (1992). This may affect the amount of appellant's arrearages. The request to reduce his support obligation is inherently and logically bound up with the arrearages he owes. The arrearage here is not a speculative possibility. Finally, nothing in the record indicates that appellant repaid the arrearage. Therefore, under our precedent, appellant was required to post a bond in connection with the arrearage he owes.

Code § 16.1-296(H) further provides that,

> [i]n cases involving support, no appeal shall be allowed until the party applying for the same or someone for him gives bond, in an amount and with sufficient surety approved by the judge or by his clerk if there is one, to abide by such judgment as may be rendered on appeal if the appeal is perfected or, if not perfected, then to satisfy the judgment of the court in which it was rendered.

This case involves support: appellant is asking the court to reduce the amount of his child support. The circuit court may deny his request for a reduction in support if he perfects his appeal. If he does not perfect his appeal, he must post a bond "to satisfy the judgment of the" juvenile court. Accordingly, appellant must post a bond sufficient to "abide by such judgment as may be rendered on appeal." Id.

Code § 16.1-296(H) establishes a general rule that no bond is required in appeals from juvenile court to circuit court. Here, however, that rule's "arrearages" and "cases involving

support" exceptions operate in tandem in this case to require appellant to post a bond. He did not do so. Therefore, the circuit court correctly ruled that it lacked jurisdiction over the appeal.

## II. THE RECORD DOES NOT DEMONSTRATE ANY ERROR IN ALLOWING THE COMMONWEALTH TO PARTICIPATE.

Appellant also challenges DCSE's participation in the proceedings below. He acknowledges that DCSE was involved in a prior enforcement action involving his child support obligation, but he contends that DCSE has no reason to be involved in the motion for reduction of child support.

Under Code § 63.2-1904(3), the Department of Social Services, of which the DCSE is a component, is tasked with, among other things, "[e]stablishing or modifying child support obligations." See also Jones v. DCSE, 19 Va. App. 184, 189, 450 S.E.2d 172, 175 (1994) (discussing Code § 63.1-250.2(3), the predecessor to Code § 63.2-1904(3)). Once DCSE has become involved in a case, it becomes a party, and the person seeking modification of a support obligation must notify DCSE of its application. Commonwealth v. Bazemore, 32 Va. App. 451, 457, 528 S.E.2d 193, 196 (2000). A motion to modify child support does not open an entirely new case; rather, the party seeking modification reopens the existing case. See Code § 20-112 ("[w]hen proceedings are *reopened* to increase, decrease or terminate maintenance and support for a spouse or for a child" (emphasis added)).

The record does not reveal whether DCSE, which at one point was a "party" in the case, ceased its involvement. On this record, we cannot find reversible error in the circuit court's decision to allow DCSE's involvement over appellant's objection. See Shaikh v. Johnson, 276 Va. 537, 545, 666 S.E.2d 325, 328 (2008) ("'[T]he onus is upon the appellant to provide [the appellate court] with a sufficient record from which [it] can decide whether the trial court erred as alleged. A failure to furnish a sufficient record will result in an affirmance of the judgment

appealed from.'" (quoting <u>Woods v. R. D. Hunt & Son, Inc.</u>, 207 Va. 281, 287, 148 S.E.2d 779, 783 (1966))).  Consequently, we find no basis for reversal on this issue.

CONCLUSION

We affirm the circuit court's decision.

<u>Affirmed.</u>