COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Moon, Judges Benton and Coleman
Argued at Salem, Virginia


ELBERT L. AVERY, JR.

v. Record No. 0221-95-3                    OPINION BY
                                   JUDGE JAMES W. BENTON, JR.
COMMONWEALTH OF VIRGINIA,                  JULY 16, 1996
 DEPARTMENT OF SOCIAL SERVICES,
 DIVISION OF CHILD SUPPORT ENFORCEMENT,
 ex rel. KIMBERLY R. CLARK

              FROM THE CIRCUIT COURT OF CAMPBELL COUNTY
                    J. Samuel Johnston, Jr., Judge

          James J. Angel for appellant.

          Jack A. Maxwell, Special Counsel (Betsy S.
          Elliott, Senior Special Counsel; James S.
          Gilmore, III, Attorney General; William H.
          Hurd, Deputy Attorney General; Siran S.
          Faulders, Senior Assistant Attorney General;
          Robert B. Cousins, Jr., Senior Assistant
          Attorney General, on brief), for appellee.



     Elbert L. Avery, Jr. appeals from the trial judge's refusal

to hear his appeal from a final order of the juvenile and

domestic relations court adjudging him guilty of contempt and

assessing a support arrearage. Avery alleges that the trial

judge erred in finding that because Avery failed to file an

appeal bond the circuit court lacked jurisdiction to consider the

contempt issue. We agree and reverse the order.

     The record establishes that in 1990, a judge of the juvenile

court ordered Avery to pay $100 per month support for his three

children. In 1994, Avery was summoned to court from prison for

failure to pay support. The judge determined Avery was indigent

and appointed counsel for him.  Following a hearing, the judge found that an arrearage of $9,200 existed and adjudged Avery in contempt for violating the support order.  He sentenced Avery to 365 days in jail unless he paid the arrearage or reached an agreement with the Division of Child Support Enforcement.  The judge set the appeal bond at $9,200, the amount of the child support arrearage.

Avery appealed to the circuit court.  At a hearing in the circuit court, Avery's counsel argued that no bond was required to perfect the appeal, that Avery's sentence was criminal in nature, and that Avery was entitled to a trial de novo in circuit court pursuant to Code §§ 16.1-296(E) and 16.1-136.  The trial judge ruled that the conviction and punishment were civil in nature, found that an appeal bond had not been filed, and dismissed the appeal on the ground that the circuit court lacked jurisdiction.  The dismissal order recited that the juvenile court judge found that Avery has been jailed on a felony conviction "almost since ordered to pay [child] support" and that Avery "could not pay because of his felony conviction plus violation . . . of parole."

The statute governing appeals from the juvenile court states, in pertinent part, as follows:

> No appeal bond shall be required of a party appealing from an order of a juvenile and domestic relations district court except for that portion of any order or judgment establishing a support arrearage or suspending payment of support during pendency of an appeal.  In cases involving support, no

> appeal shall be allowed unless and until the
> party applying for the same or someone for
> him shall give bond, in an amount and with
> sufficient surety approved by the judge or by
> his clerk if there is one, to abide by such
> judgment as may be rendered on appeal if the
> appeal is perfected or, if not perfected,
> then to satisfy the judgment of the court in
> which it was rendered.  An appeal will not be
> perfected unless such appeal bond as may be
> required is filed within thirty days from the
> entry of the final judgment or order.

Code § 16.1-296(H) (emphasis added).  By its explicit terms, the statute removes the requirement for posting a bond except as provided in the statute.  The provision specifying that a bond shall be required for an appeal of a judgment establishing support arrearages implicitly recognizes that an order that sets arrearages may have a component that does not establish a support arrearage.  In such a case, an appeal bond is required only for "that portion of any order . . . establishing a support arrearage."  Id.

The juvenile court's order that Avery sought to appeal adjudged Avery guilty of civil contempt and assessed an arrearage.  Seeking to appeal without the necessity of posting a bond, Avery's counsel argued, in part, to the circuit judge as follows:

> I guess the first issue that the Court needs
> to decide is whether or not we properly
> perfected our appeal.  It was done within the
> appropriate time, but what the J & D Court is
> saying that this is a civil matter so they
> had the right to set an appeal bond and that
> the case cannot be appealed until the appeal
> bond is posted.
>
> It didn't sound right to me and I'm not

- 3 -

sure whether it is right or not, but I found a Court of Appeals decision. It's called <u>Kessler vs. Commonwealth</u> [,18 Va. App. 14, 441 S.E.2d 223 (1994)].

\* \* \* \* \* \* \*

And I submit to the Court that the same reasoning would apply that if a person is subject to twelve months in jail like my client received, it's criminal in nature and, therefore, he should be entitled to either a jury trial, which we're not asking for, but at least an appeal to the Circuit Court, which is why we're asking the Court to assume jurisdiction, allow us to put on some evidence really as to sentencing. We'll plead guilty to non support, but I think that there is some mitigation evidence that would justify a sentence less than the twelve months. So I think the first issue is the jurisdiction issue.

\* \* \* \* \* \* \*

And then I think it's--it's almost ludicrous to then find someone indigent and say that he doesn't have money to hire an attorney so that he is entitled to court appointed counsel, and then to make him post a $10,000.00 cash bond for his sentence to be reviewed by another Court. I mean, so, to say that, you know, to put a condition that --that there is no way that the defendant can make, I think practically speaking there is no way that he could purge it so he doesn't-- so he doesn't--to style the order in that way would effectively deny his appeal. I don't think that's fair.

In finding a lack of jurisdiction, the trial judge ruled that the "statute says that [the juvenile judge was] entitled to set a bond in the amount of the arrears." However, this record clearly supports Avery's argument that he sought only to appeal the contempt finding. During the circuit court proceedings,

- 4 -

Avery's counsel addressed the nature of the contempt charge and the sentencing but never challenged the support arrearage. Indeed, Avery's counsel tacitly conceded the arrearage when he stated, "[w]e'll plead guilty to non support."  Thus, his argument sufficiently "inform[ed] the court that he was pursuing an appeal of the contempt order and not appealing the determination of the support arrearage."  McCall v. Commonwealth Dep't of Soc. Servs., 20 Va. App. 348, 352-53, 457 S.E.2d 389, 392 (1995).

We need not address Avery's argument that because he was indigent and incarcerated, the contempt "punishment [was] . . . determined and unconditional," Kessler v. Commonwealth, 18 Va. App. 14, 16, 441 S.E.2d 223, 224 (1994), and, therefore, was a criminal matter requiring no bond.  Code § 16.1-296(H) does not require the posting of a bond except as specified.  A finding of contempt is not an order "establishing a support arrearage."  See McCall, 20 Va. App. at 352-53, 457 S.E.2d at 392.  We hold, therefore, that Code § 16.1-296(H) permitted Avery to appeal from the juvenile court's contempt order without the necessity of posting a bond.

Accordingly, we reverse the order dismissing the appeal and remand to the circuit court for further proceedings.

Reversed and remanded.