COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Lemons and Senior Judge Cole
Argued at Richmond, Virginia


CHRISTEN ERICKSON SMILEY
                                              OPINION BY
v.    Record No. 0146-98-2           JUDGE DONALD W. LEMONS
                                            APRIL 6, 1999
MICHAEL DOUGLAS ERICKSON


            FROM THE CIRCUIT COURT OF POWHATAN COUNTY
                 Dixon L. Foster, Judge Designate

            Christopher F. Cowan (Cowan, North &
            LaFratta, L.L.P., on briefs), for appellant.

            Watson M. Marshall (Nicole L. Fox; Marshall &
            Marshall, on brief), for appellee.


     Christen Erickson Smiley appeals an order of the circuit

court arising from a child support dispute with Michael Douglas

Erickson.  Smiley argues that the circuit court lacked

jurisdiction to hear Erickson's appeal from the Powhatan

Juvenile and Domestic Relations District Court.  Smiley also

appeals the circuit court's refusal to increase the amount of

Erickson's appeal bond and the circuit court's holding that the

parties entered into an enforceable agreement to waive

court-ordered child support.  Finally, Smiley argues that the

circuit court erred in refusing to vacate and reconsider its

order of December 30, 1997.

I.   BACKGROUND

Christen Erickson Smiley (Smiley) and Michael Douglas Erickson (Erickson) are the parents of Stephanie Lynn Erickson, a minor child born on November 10, 1986, whose support is the subject of this appeal.  On November 7, 1988, the Powhatan Juvenile and Domestic Relations District Court (J & DR court) ordered Erickson to pay $400 per month as child support.  Erickson moved to Florida and failed to keep his support payments current.  By March 1997 an arrearage in the amount of $36,975 had accumulated.

In March 1997 the Virginia Division of Child Support Enforcement notified Erickson that garnishment proceedings would begin against his wages.  Erickson contacted Smiley and the two purported to negotiate an out-of-court settlement in which both agreed that because Smiley "was in such dire need of money," Erickson would pay her $19,200 of the total arrearage, and Smiley would forgive the balance.  Erickson paid $19,200 to Smiley; however, he did not sign the written document tendered to him memorializing the agreement.[1]  Thereafter, he failed to pay support on the periodic basis previously ordered.

On June 17, 1997, Smiley initiated a motion for show cause summons against Erickson for his continued failure to pay child support.  On July 16, 1997, a trial was held in the J & DR court

_____

[1] Erickson's failure to sign the "agreement" does not affect

–

and the court found the agreement between the parties to forgive Erickson's arrearages in court-ordered child support was unenforceable.  In an order dated September 17, 1997, the J & DR court found Erickson in contempt, sentenced him to twelve months in jail suspended, and found arrearages of $18,975 as of July 16, 1997.  In addition to his current monthly support obligation, the J & DR court ordered Erickson to pay $75 per month until the arrearages were paid.

On September 29, 1997, the J & DR court received a letter from Erickson expressing his intention to appeal the court's finding of contempt for his failure to pay child support as ordered and the court's finding of arrearages of $18,975.  The Clerk of the J & DR court advised Erickson by letter dated September 29, 1997 that his letter had been received, and sent him a copy of the notice of appeal setting December 11, 1997 as the date of the hearing in the circuit court.  The clerk informed him that an appeal bond of $500 had to be received before October 16, 1997.  Although the record does not reveal when Erickson posted the $500 appeal bond, no one contests its timeliness.

On November 3, 1997, Smiley filed "Motions to Dismiss, to Increase Appeal Bond and to Continue" in the circuit court.  In a memorandum in support of her motions, Smiley argued that the

our holding.

appeal bond of $500 was insufficient to satisfy the amount of the judgment and that Erickson's failure to post sufficient bond deprived the court of jurisdiction under Code § 16.1-296(H). On November 4, 1997, Judge Thomas V. Warren, finding that Erickson failed to comply with Code § 16.1-296(H), dismissed the portion of the appeal pertaining to the finding of arrearages. The court retained jurisdiction over the issue of contempt.

On December 5, 1997, Erickson filed a "Motion by Appellant to Reconsider Dismissal of Appeal of Michael Douglas Erickson as to Amount of Arrearage." Erickson argued that he had not received Smiley's "Motions to Dismiss, to Increase Appeal Bond and to Continue," because Smiley had mailed them to the wrong address. Erickson also argued that the parties had entered into a binding agreement to forgive all past-due court-ordered child support.

On December 11, 1997, Smiley filed an "Appellee's Memorandum in Opposition to Appellant's Motion to Reconsider Dismissal of Appeal as to Arrearage." Smiley argued that Erickson's failure to comply with Code § 16.1-296(H) deprived the court of its jurisdiction over the matter. In addition, Smiley argued that the amount of court-ordered support cannot be modified by agreement of the parties without the approval of the court.

On December 11, 1997, Erickson argued his motion to reconsider before Judge Designate Dixon L. Foster.  Smiley asked the court to affirm Judge Warren's finding that Erickson had failed to comply with the appeal bond requirements of Code § 16.1-296(H), or in the alternative, she requested that the court require Erickson to post an appeal bond in the amount of the $18,975 support arrearage.  Effectively denying both motions, Judge Foster proceeded to hear the appeal of the finding of contempt and punishment as well as the finding of arrearages.  Upon hearing the evidence presented, by order entered on December 30, 1997, Judge Foster found that the parties created a binding and enforceable agreement waiving a portion of the arrearages owed by Erickson and dismissed the finding of contempt and ordered the show cause summons dismissed.  Judge Foster found that the total remaining arrearage, from March 1997 to December 11, 1997, was $2,832.75 and ordered the $500 appeal bond posted by Erickson applied toward the satisfaction of the arrearage.

Smiley noted her objections to the December 30, 1997 order and on January 7, 1998, filed a motion to vacate and reconsider. On January 12, 1998, Erickson filed "Appellant's Response to Appellee's Motion to Vacate and Reconsider."  On January 13, 1998, Judge Foster heard arguments and overruled both motions.

II.  MOTION TO RECONSIDER DISMISSAL OF ERICKSON'S APPEAL

Judge Warren's order of November 4, 1997 was void ab initio because it was entered in violation of Rule 1:13.  No notice was given to either party of the entry of the order, no endorsements were obtained, and nothing in the order indicates that compliance with the rule was waived or dispensed with for good cause.  See Norfolk Div. of Social Serv. v. Unknown Father, 2 Va. App. 420, 345 S.E.2d 533 (1986).

Judge Foster had authority pursuant to Code § 8.01-428(A)(ii) to set aside the order of November 4, 1997 and hear Erickson's appeal and Smiley's motions to dismiss, to increase the bond, and for continuance.  Judge Foster denied Smiley's motions and immediately proceeded to try the case.  We hold that Judge Foster did not err when denying the motion to dismiss at that stage of the proceeding.  We hold that Judge Foster did err when denying the motion to increase the bond and to require additional bond subject to dismissal.  The failure to grant the motion for a continuance has been abandoned on appeal.

In Commonwealth v. Walker, 253 Va. 319, 485 S.E.2d 134 (1997), the Virginia Supreme Court clearly stated that the failure to post a bond, even where the district court had set no bond, was "a fatal jurisdictional defect that cannot be cured." Id. at 323, 485 S.E.2d at 136 (citations omitted).  In Walker, the Court rejected the notion that "equitable considerations"

–

found in Code § 16.1-114.1 could allow the circuit court to obtain jurisdiction in the absence of a bond.  Id. at 323, 485 S.E.2d at 136.  The Court cited Burks v. Three Hills Corporation, 214 Va. 322, 323-24, 200 S.E.2d 521, 522 (1973), for the proposition that an appeal bond in a deficient amount could be cured.  See Walker, 253 Va. at 323, 485 S.E.2d at 136. In Burks, the Supreme Court stated "Code § 16.1-109 sets forth procedures by which the trial court may require the appellant to give new or additional security."  Burks, 214 Va. at 323, 200 S.E.2d at 522 (citations omitted).

We find that the provisions of Code § 16.1-109 are applicable to this case.  Erickson did not fail to file an appeal bond.  To the contrary, he filed his notice in the J & DR court and was informed that his bond had been set "by the court" at $500.  This bond is grossly inadequate to satisfy the requirements of Code § 16.1-296(H); however, the legislature has provided a remedy in Code § 16.1-109 that states:

> The court to which the appeal is taken may
> on motion for good cause shown, after
> reasonable notice to the appellant, require
> the appellant to give new or additional
> security, and if such security be not given
> within the time prescribed by the appellate
> court the appeal shall be dismissed with
> costs, and the judgment or order of the
> court from which the appeal was taken shall
> remain in effect and the appellate court
> shall award execution thereon, with costs,
> against the appellant and his surety.

The J & DR court abused its discretion when setting a bond of $500 for an appeal of a judgment of arrearage of $18,975. Similarly, the circuit court abused its discretion by denying Smiley's motion to require Erickson to provide new or additional security in an amount sufficient to satisfy the judgment on appeal.

### III. UNENFORCEABILITY OF PURPORTED AGREEMENT TO WAIVE ARREARAGES

We hold that Judge Foster erred in finding that the parties entered into a valid and enforceable agreement to waive the $17,775 arrearage owed by Erickson. In Goodpasture v. Goodpasture, 7 Va. App. 55, 371 S.E.2d 845 (1988), the mother appealed a determination of the amount of child support arrearage. The evidence revealed that the mother had written a letter telling the father that he could suspend payment of his child support while she and the child lived out of the state. In a contempt proceeding instituted against the father for non-payment of arrearages, the mother argued that by giving the father credits against support due while she was living out of state, the trial court had retroactively modified the child support award in violation of Code § 20-108. See id. at 57, 371 S.E.2d at 846. The husband argued that the child support obligation was satisfied under the exception to the non-retroactive modification rule created by the Court in Acree v. Acree, 2 Va. App. 151, 342 S.E.2d 68 (1986). See id. at 59,

371 S.E.2d at 847. In Acree, we recognized a narrowly tailored

exception to the rule that a child support order is

non-modifiable. Under the unique circumstances of Acree, where

the custodial parent relinquished custody of the child and

agreed to the elimination of further support, we found that the

agreement of the parties was enforceable. See id. at 59, 342

S.E.2d at 847. We found the Acree exception inapplicable to the

facts in Goodpasture. See id. at 59, 342 S.E.2d at 847. In

reversing the decision of the trial court, we held:

> No support order may be retroactively
> modified. Past due support installments
> become vested as they accrue and are
> thereafter immune from change. Parties
> cannot contractually modify the terms of a
> support order without the court's approval.
> Nor does a party's passive acquiescence in
> nonpayment of support operate to bar that
> party from later seeking support arrearages.
> Should circumstances change requiring
> alteration in the amount of support, a
> party's remedy is to apply to the court for
> relief.

Id. at 58, 371 S.E.2d at 84 (citations omitted).

### IV. CONCLUSION

In this case, the J & DR court failed to set an adequate

appeal bond pursuant to Code § 16.1-296(H). We hold that Judge

Warren erred by entering a dismissal of the appeal in violation

of Rule 1:13. We hold that Judge Foster erred by failing to

require new or additional security pursuant to Code § 16.1-109

and erred in finding that an oral agreement of the parties

regarding arrearages was enforceable. Because the dismissal of the show cause proceeding for contempt was predicated upon the erroneous finding that the oral agreement was enforceable, the trial judge erred in dismissing the show cause for that reason. We reverse and remand to the circuit court for proceedings consistent with this opinion.

<u>Reversed and remanded.</u>