BENTON, Judge,
dissenting.
In pertinent part, Code § 16.1-296(H) provides as follows:
No appeal bond shall be required of a party appealing from an order of a juvenile and domestic relations district court except for that portion of any order or judgment establishing a support arrearage or suspending payment of support during pendency of an appeal. In cases involving support, no appeal shall be allowed until the party applying for the same or someone for him gives bond, in an amount and with sufficient surety approved by the judge or by his clerk if there is one, to abide by such judgment as may be rendered on appeal if the appeal is perfected or, if not perfected, then to satisfy the judgment of the court in which it was rendered. Upon appeal from a conviction for failure to support or from a finding of civil or criminal contempt *69 involving a failure to support, the juvenile and domestic relations district court may require the party applying for the appeal or someone for him to give bond, with or without surety, to insure his appearance and may also require bond in an amount and with sufficient surety to secure the payment of prospective support accruing during the pendency of the appeal. An appeal will not be perfected unless such appeal bond as may be required is filed within thirty days from the entry of the final judgment or order.
Although the statute clearly states that “[i]n cases involving support, no appeal shall be allowed until the party applying for the same or someone for him gives bond,” in equally clear language the statute begins by stating that “[n]o appeal bond shall be required ... except for that portion of any order or judgment ... establishing a support arrearage.” Id. (emphasis added).
By its explicit terms, the statute removes the requirement for posting a bond except as provided in the statute. The provision specifying that a bond shall be required for an appeal of a judgment establishing support arrearages implicitly recognizes that an order that sets arrearages may have a component that does not establish a support arrearage. In such a case, an appeal bond is required only for “that portion of any order ... establishing a support arrearage.”
Avery v. Commonwealth, 22 Va.App. 698, 700, 472 S.E.2d 675, 676 (1996) (citation omitted). I would hold that Michael A. Mahoney’s appeal of the “jurisdiction of the Court [to] enter any order” is not an appeal of a “portion of any order or judgment establishing a support arrearage.”
When Mahoney appealed the judgment to the circuit court, he wrote on the notice of appeal that he “appeals jurisdiction of the Court [to] enter any orders and the validity of all orders entered in this case based on fraud” and that “[h]e is not appealing amounts of support.” (Additional emphasis added). Consistent with his notation on the notice of appeal, Mahoney informed the trial judge during the hearing that he was “not *70 appealing] the amount of support” but was “appealing] ... the lack of subject matter jurisdiction by the [juvenile and domestic relations district] court.” Specifically, Mahoney alleged that the juvenile court never acquired jurisdiction under the Uniform Child Custody Jurisdiction Act or the Uniform Interstate Family Support Act. Ruling that a party “can’t piecemeal the appeal,” the trial judge apparently recognized that Mahoney’s challenge was not to any portion of the judgment but to the power of the court to render any judgment. Nevertheless, the trial judge granted the motion to dismiss.
In my opinion, Mahoney’s appeal is not subject to the appeal bond requirement because it is not an appeal from “that portion of any order or judgment establishing a support arrearage.” Code § 16.1-296(H). A judgment entered by a court when it lacks subject matter jurisdiction is void, and that judgment is subject to a challenge at any time. Morrison v. Bestler, 239 Va. 166, 170, 387 S.E.2d 753, 755-56 (1990). In addition, a party may challenge a judgment on the basis of a court’s failure to abide by mandatory statutory requirements. In this regard, the Supreme Court has held that “[a] court’s authority to exercise its subject matter jurisdiction over a case may be restricted by a failure to comply with statutory requirements that are mandatory in nature and, thus, are prerequisite to a court’s lawful exercise of that jurisdiction.” Dennis Moore v. Commonwealth, 259 Va. 405, 409, 527 S.E.2d 415, 417 (2000). Such a failure renders the court without jurisdiction to act and renders the judgment void. See David Moore v. Commonwealth, 259 Va. 431, 439, 527 S.E.2d 406, 410 (2000). Mahoney’s appeal directly challenges the juvenile court’s power to render its judgment.
The Supreme Court has ruled as follows:
“[T]he record is never conclusive as to the recital of a jurisdictional fact, and the defendant is always at liberty to show a want of jurisdiction, although the record avers the contrary. If the court had no jurisdiction, it had no power to make a record, and the supposed record is not in truth a record.”
*71 Slaughter v. Commonwealth, 222 Va. 787, 793, 284 S.E.2d 824, 827 (1981) (citation omitted). “[A]ny subsequent proceeding based on ... a [jurisdictionally] defective judgment is void or a nullity.” Morrison, 239 Va. at 170, 387 S.E.2d at 756.
We have addressed situations in which parties in support disputes sought to challenge contempt rulings against them and did not want to post the bond required by statute. In McCall v. Commonwealth, 20 Va.App. 348, 457 S.E.2d 389 (1995), we held that, under the pre-1992 version of Code § 16.1-107, a court has no duty to bifurcate support arrearage judgments from other issues to determine whether a party must post a bond. Id. at 349, 457 S.E.2d at 390. We noted that when McCall appealed from a juvenile court judgment, he “did not specify or indicate in any way that he was appealing only the civil contempt citation and not the determination as to the amount of his support arrearage.” Id. at 350, 457 S.E.2d at 391. We also noted that McCall initially asserted the limited nature of his appeal only in this Court. See id. at 350, 457 S.E.2d at 390. Thus, we affirmed the ruling dismissing McCall’s appeal because he did not bifurcate the issues. In Avery, however, we reversed an order dismissing an appeal on similar grounds because the party showed clearly that he “sought only to appeal the contempt finding.” 22 Va.App. at 702, 472 S.E.2d at 677.
I believe we should treat challenges to jurisdiction in the same way we treat appeals from contempt orders. In this case, as in Avery, the appellant, Mahoney, has “sufficiently ‘inform[ed] the court that he was pursuing an appeal of the [court’s jurisdiction] and not appealing the determination of the support arrearage.’ ” Id. (quoting McCall, 20 Va.App. at 352-53, 457 S.E.2d at 392). Mahoney separately listed in his notice of appeal to the circuit court the matters he wished to appeal and he orally stated at the circuit court hearing the limited nature of his appeal. He did not challenge the support arrearage judgment.
For these reasons, I would reverse and remand this matter to the circuit court for consideration solely on the issue *72 whether the juvenile court acquired jurisdiction to adjudicate the matter.