COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Bumgardner and Frank
Argued at Richmond, Virginia


SHEKHAR SHARMA

                                                          OPINION BY
v.      Record No. 0318-05-2                       JUDGE ROBERT P. FRANK
                                                       OCTOBER 11, 2005
ABHA SHARMA


FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
Timothy J. Hauler, Judge

Charles E. Powers (Batzli Wood & Stiles, P.C., on briefs), for
appellant.

Prescott L. Prince (Clarke & Prince, on brief), for appellee.


Shekhar Sharma, husband, appeals an order of the Chesterfield County Circuit Court

which dismissed his appeal of a juvenile and domestic relations district court order for failure to

post a bond as required by Code § 16.1-296(H).  Alternatively, he argues the trial court erred in

not allowing him to correct a deficiency in the appeal bond as authorized by Code § 16.1-109.

For the reasons stated, we affirm the judgment of the trial court.

BACKGROUND

Husband and Abha Sharma, wife, filed a number of motions in the Juvenile and Domestic

Relations District Court of Chesterfield County including:

1.  Wife's motion to show cause for husband's failure to pay his portion of the medical

bills (Docket #'s JA-030260-01-03 and -07).

2.  Husband's motion for a reduction of child support (Docket # JA-030260-01-04).

3.  Husband's motion for a review of modification of extraordinary medical expenses

(Docket # JA-030260-01-06).

4.  Wife's motion for an increase in child support (Docket # JA-030260-01-04), the subject of this appeal.

The Chesterfield Juvenile and Domestic Relations District Court conducted a hearing on April 12, 2004 and increased child support, effective July 17, 2003, the date on which husband received notice of the motion.  The decree also awarded attorney's fees and court costs.  As a result, the court entered an arrearage judgment in the amount of $694.27 for the period of July 17, 2003 to April 30, 2004.[1]

Husband filed a notice of appeal the following day.  The clerk completed the appeal bond portion of the notice of appeal form (Form DC-602), setting the appeal bond at "0."

Wife filed a motion to dismiss[2] in circuit court alleging husband failed to post an appeal bond "necessary to cover the child support arrearage and attorney's fees and court costs and writ taxes as required by law."  In the alternative, wife asked the circuit court to require of husband "new and/or additional security for good cause shown."

On August 31, 2004, the circuit court conducted a hearing on wife's motion to dismiss.  Wife argued that since part of the judgment appealed was for an arrearage of child support, husband was required to file an appeal bond.  Husband countered with three arguments.  He first contended that since the judgment of the juvenile and domestic relations district court adjudicated an arrearage and an increase in child support, the judgment was bifurcated and only the arrearage appeal fails.  Second, he contended that, in fact, the juvenile and domestic relations district court clerk set a bond in the amount of zero, thus complying with the statute.  Lastly, he

---

[1] We do not address the dispositions of the other motions because these motions are not relevant to this appeal.

[2] Included in this motion was a request for sanctions and attorney's fees.

contended that a zero bond, at worst, is a deficient bond and can be corrected by the circuit court pursuant to Code § 16.1-109.

The trial court granted the motion to dismiss, finding that husband did not post a bond under the mandate of Code § 16.1-296(H), concluding that it had no jurisdiction to entertain the appeal.

This appeal followed.

ANALYSIS

The threshold issue for this Court to resolve is whether a bond set at "0" complies with the jurisdictional mandate of Code § 16.1-296(H).

Code § 16.1-296(H) provides:

> No appeal bond shall be required of a party appealing from an order of a juvenile and domestic relations district court except for that portion of any order or judgment establishing a support arrearage or suspending payment of support during pendency of an appeal. In cases involving support, no appeal shall be allowed until the party applying for the same or someone for him gives bond, in an amount and with sufficient surety approved by the judge or by his clerk if there is one, to abide by such judgment as may be rendered on appeal if the appeal is perfected or, if not perfected, then to satisfy the judgment of the court in which it was rendered. Upon appeal from a conviction for failure to support or from a finding of civil or criminal contempt involving a failure to support, the juvenile and domestic relations district court may require the party applying for the appeal or someone for him to give bond, with or without surety, to insure his appearance and may also require bond in an amount and with sufficient surety to secure the payment of prospective support accruing during the pendency of the appeal. An appeal will not be perfected unless such appeal bond as may be required is filed within 30 days from the entry of the final judgment or order. However, no appeal bond shall be required of the Commonwealth or when an appeal is proper to protect the estate of a decedent, an infant, a convict or an insane person, or the interest of a county, city or town.

Under this subsection, we start with the premise that "no appeal bond shall be required of a party appealing from an order of a juvenile and domestic relations district court." Yet, there

are exceptions to the general statement. On appeal, bond must be given "for that portion of any order of judgment establishing a support arrearage or suspending payment of support during the pendency of an appeal." This bond is mandatory and jurisdictional.

The Supreme Court of Virginia has stated:

> Code § 16.1-296(H) could not be more clear: "no appeal shall be allowed" unless and until a bond is given by the party applying for the appeal. The statutory requirements for appeal bonds always have been construed as mandatory, and the exercise of appellate jurisdiction has been confined to the provisions of the written law. We repeatedly have held that "[the] failure to substantially comply with the statutory requirements applicable to appeal bonds constitutes a jurisdictional defect which cannot be corrected after the expiration of the time within which an appeal may be taken."

Commonwealth ex rel. May v. Walker, 253 Va. 319, 322, 485 S.E.2d 134, 136 (1997) (citations omitted). Failure to file an appeal bond within thirty days from the entry of the final judgment "'constitutes a jurisdictional defect which cannot be corrected'" after that time. Id. (quoting Parker v. Prince William County, 198 Va. 231, 235, 93 S.E.2d 136, 139 (1956)).

Appellant first contends the clerk did set a bond, in the amount of "0," thus complying with the mandates of Code § 16.1-296(H). We disagree.

We must first examine the purpose of an appeal bond. In Mahoney v. Mahoney, 34 Va. App. 63, 67-68, 537 S.E.2d 626, 628 (2000), we concluded:

> The policy underlying the requirement of appeal bonds is clear. An appeal bond provides assurances that any judgment that may be rendered on appeal, if perfected, will be satisfied. See Code § 16.1-107; Hutchins v. Carrillo, 27 Va. App. 595, 606, 500 S.E.2d 277, 282 (1998) (noting that "the essential function of an appeal bond [is] 'to protect the [appellee] against any loss or damage he may sustain by reason of the suspension of his right to proceed with the collection of his judgment against the [appellant]'" (quoting Jacob v. Commonwealth ex rel. Myers, 148 Va. 236, 242, 138 S.E. 574, 576 (1927)). Such bonds also provide assurances in cases in which an appeal is not perfected that the judgment of the court in which it was rendered will be satisfied. See id. Indeed, the policy considerations underlying the need for bond upon appeal from the lower court are so material to the statutory scheme

reflected in Code § 16.1-296(H) that the failure to post the required bond will constitute reversible error even when the appellant prevails in the trial *de novo*. See Commonwealth ex rel. May v. Walker, 253 Va. 319, 323, 485 S.E.2d 134, 136-37 (1997).

Clearly, a bond set at "0" cannot fulfill this purpose. In Walker, the Supreme Court of Virginia opined that when the clerk failed to require a bond, the circuit court had no jurisdiction to hear the appeal. 253 Va. at 323, 485 S.E.2d at 136. Appellant attempts to distinguish Walker by contending here that the clerk did set a bond in the amount of "0." This is a distinction without a difference. Whether there is no bond, or the bond is "0," the appellee is not protected. There is no assurance "that any judgment that may be rendered on appeal, if perfected, will be satisfied" or that the appellee will be protected "against any loss or damage he may sustain by reason of the suspension of his right to proceed with the collection of his judgment." Mahoney, 34 Va. App. at 67, 537 S.E.2d at 628.

As we have said in a number of decisions, it is the appellant's responsibility to have the juvenile and domestic relations district judge or clerk set a bond and approve the surety. See Walker, 253 Va. at 322, 485 S.E.2d at 136 ("It is fundamental that the appealing party has the burden of perfecting his appeal.").

Here, appellant failed to do so. Therefore, the circuit court had no jurisdiction to hear the appeal of the arrearage judgment.

However, appellant next contends that even if the arrearage appeal fails, he should be allowed to continue with his appeal on the increased child support ruling.[3]

Appellant correctly points out that under Code § 16.1-296(H), a judgment may have a component that requires an appeal bond (arrearage) and a component that does not. The provisions specifying that a bond shall be required for an appeal of that portion of a judgment

---

[3] No appeal bond is required on a support award unless the award has been suspended under Code § 16.1-298. See Code § 16.1-296(H).

- 5 -

establishing support arrearages implicitly recognizes that an order that sets arrearages may have a component that does not establish a support arrearage. Avery v. Commonwealth, 22 Va. App. 698, 700, 472 S.E.2d 675, 676 (1996). In such a case, an appeal bond is required only for "that portion of any order . . . establishing a support arrearage." Id. Thus, if appellant did not appeal the arrearage judgment and the increase in child support judgment is divisible from the arrearage, no appeal bond would be required.

Clearly, appellant appealed the judgment in which child support was increased and an arrearage was set as a result of the retroactive nature of the increase. Our inquiry is whether the two components of that judgment are divisible.

We first note that when appellant noted his appeal, he did not specify that he was appealing only the child support component. In McCall v. Commonwealth, 20 Va. App. 348, 457 S.E.2d 389 (1995), McCall was found guilty of civil contempt and the court also entered a judgment for arrearage in the same judgment. He posted an appeal bond, but when the circuit court ordered an increase in the bond, pursuant to Code § 16.1-109, McCall failed to post the increased bond. Id. at 349-50, 457 S.E.2d at 390. This Court, in affirming the trial court's dismissal of the appeal under Code § 16.1-296(H), said McCall did not indicate that he was only appealing the contempt conviction. We concluded, "[n]either the J&DR court nor circuit court judge is required to determine whether an appellant intends to appeal only a 'portion' of a court's rulings and order." Id. at 353, 457 S.E.2d at 392.

Mahoney addressed a similar situation where the appellant was found guilty of civil contempt and the juvenile and domestic relations district court set an arrearage. The appellant indicated he was not appealing the arrearage, but did appeal the juvenile and domestic relations district court's jurisdiction to adjudicate the issues. Mahoney, 34 Va. App. at 65, 537 S.E.2d at 627. Appellant filed no appeal bond. Id. The circuit court dismissed the appeal because no

bond was posted. Id. Appellant argued, on appeal, since he did not appeal the arrearage, no bond was required. Id. at 66, 537 S.E.2d at 627. We held that "the substantive issue of support arrearages [is] logically related to, and inherent in, Mahoney's challenge to the jurisdiction of the court . . . ." Id. Thus, our inquiry here is the relationship between the components of the appealed order, i.e., the relationship between the arrearage and the child support. Put differently, is the arrearage judgment intrinsically, inherently, and logically related to the child support judgment?

Here, the answer is in the affirmative. The arrearage arose because of the effective date of the increase in child support. Without the ruling on child support, there would be no arrearage. Therefore, these two issues could not be separated on appeal, nor could the judgment appealed be bifurcated. As in Mahoney, the issues were so intertwined that one could not appeal one issue without contesting the other.

Appellant cites Avery to support his bifurcation position. Avery was found guilty of contempt and was assessed a support arrearage. Avery, 22 Va. App. at 699, 472 S.E.2d at 675-76. The juvenile court set a bond at $9,200, but Avery did not post the bond. Id. At the hearing on a motion to dismiss, Avery indicated he would plead guilty to the non-support. Id. at 701, 472 S.E.2d at 676. We held the record supported Avery's position that he only appealed the contempt, not the arrearage. Id. at 702, 472 S.E.2d at 677. He never challenged the arrearage. Id. We concluded his argument sufficiently apprized the trial court that he was only pursuing the contempt finding. Id.

Here, unlike Avery, even if appellant chose not to pursue the arrearage issue, arrearage is so intertwined with the increase in child support, the circuit court, by necessity, must address the arrearage. If the circuit court on appeal would determine there should be no increase in child support, there would be no arrearage. In Avery, whether or not the appellant was found guilty of

contempt, i.e., a willful failure to pay child support, that result would not affect the arrearage judgment. Id. at 702, 472 S.E.2d at 677. This is particularly compelling under the facts of Avery. Avery was imprisoned during the time he was ordered to pay child support. The circuit court could have found he did not willfully disobey the support order, but he nevertheless would owe the arrearage.

Appellant further contends that since he paid the arrearage prior to the circuit court's hearing on the motion to dismiss, he clearly did not appeal the arrearage judgment. Other than counsel's argument before the trial court, the record does not reveal such a payment. Having no evidence of such a payment before us, we cannot consider this argument. Further, we reject this argument for the same reasons stated in our discussion of Avery; the issues are so intertwined that they cannot be separated.

Appellant last argues that the "0" bond, if at all defective, was not a jurisdictional defect but could have been increased by the circuit court pursuant to Code § 16.1-109.[4]

We must decide whether a "0" bond is defective or simply "deficient." A deficient bond can be cured. Burks v. Three Hills Corp., 214 Va. 322, 324, 200 S.E.2d 521, 522 (1973). In Smiley v. Erickson, 29 Va. App. 426, 512 S.E.2d 842 (1999), this Court found the trial court abused its discretion by denying appellant's request to provide new or additional security in an

---

[4] Code § 16.1-109 provides:

> The court to which the appeal is taken may on motion for good cause shown, after reasonable notice to the appellant, require the appellant to give new or additional security, and if such security be not given within the time prescribed by the appellate court the appeal shall be dismissed with costs, and the judgment or order of the court from which the appeal was taken shall remain in effect and the appellate court shall award execution there, with costs, against the appellant and his surety.

amount sufficient to satisfy the appealed judgment. However in Smiley, appellant did post a $500 appeal bond to appeal an arrearage judgment of $18,975. Id. at 428-29, 512 S.E.2d at 843.

Appellant argues Code § 16.1-109 allows the court to require new or additional security. Thus, he argues Code § 16.1-109, by referring to a "new" security authorizes the circuit court to require an appeal bond when none was posted as mandated by Code § 16.1-296(H). Again, this argument ignores the mandatory language of Code § 16.1-296(H).

We must read Code § 16.1-296(H) in conjunction with Code § 16.1-109. Hurst v. Ballard, 230 Va. 365, 367, 337 S.E.2d 284, 285 (1985). Code § 16.1-296(H) and the case law make posting of an appeal bond jurisdictional. However, Code § 16.1-109 comes into play only when the appeal bond posted is inadequate or in some fashion is defective. If there is a total failure to comply with the statute, Code § 16.1-109 cannot cure the jurisdictional defect. See Hurst, 230 Va. at 368, 337 S.E.2d at 285 (holding that a failure to pay writ tax, which is jurisdictional to perfect an appeal, is not a "mere defect, irregularity or omission in the proceedings which can be cured by [the statute]. Instead, we have a total failure to comply with a statute's mandatory provision, which requires dismissal of the appeal.").

Unless an appeal bond is posted within 30 days "after the entry of the final judgment or order," the circuit court has no jurisdiction to hear the appeal. It then follows that the circuit court also has no jurisdiction to implement Code § 16.1-109 if no appeal bond was posted.

Code § 16.1-109 presupposes that an appeal bond was posted and the circuit court has jurisdiction to increase the bond. Such is not the case here. Thus, we conclude Code § 16.1-109 affords appellant no relief.

### CONCLUSION

For the foregoing reasons, we find that the trial court properly dismissed appellant's appeal of a juvenile and domestic relations district court order for failure to post a bond as

required by Code § 16.1-296(H).  Further, we find the court did not err in not allowing appellant to correct a deficiency in the appeal bond pursuant to Code § 16.1-109.  Accordingly, the judgment of the trial court is affirmed.

<u>Affirmed.</u>