COURT OF APPEALS OF VIRGINIA

Present:    Chief Judge Felton, Judges Clements and Beales


ONDRAKE HAYWOOD NERO

                                              MEMORANDUM OPINION[*] BY
v.         Record No. 0505-06-2               JUDGE RANDOLPH A. BEALES
                                              JANUARY 16, 2007
SHERRI C. WILLIAMS


FROM THE CIRCUIT COURT OF THE CITY OF HOPEWELL
Robert G. O'Hara, Jr., Judge Designate

(C. James Williams, III, on brief), for appellant.  Appellant
submitting on brief.

No brief or argument for appellee.


The sole issue in this appeal is whether appellant (father), who sought review in the circuit

court of a juvenile and domestic relations district court order that increased his child support

obligation, was required to post an appeal bond.  We hold he was not.

BACKGROUND

Appellee (mother) filed a motion to increase child support in the Juvenile and Domestic

Relations District Court for the City of Hopewell.  That court entered an order on November 18,

2005, which increased father's child support obligation to $646.56 per month starting on November

25, 2005.[1]  That order made no mention of any child support arrearage that existed as of November

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] The November 18, 2005 order, while contained in the record, was not made part of the appendix.  A typewritten November 30, 2005 order of support was included in the appendix; this order included the same information as the handwritten November 18, 2005 order.

18, 2005,[2] nor did that order establish an arrearage. Father filed a notice of appeal on the same day the order was entered, seeking review in the Hopewell Circuit Court of the juvenile and domestic relations district court order. According to father, the district court clerk's office informed him that an appeal bond was not required. A hearing in the circuit court was set for January 27, 2006.

On that date, the circuit court entered an order dismissing the case, "finding that the appeal had not properly been perfected as no appeal bond had been posted as required by law." That order also established an arrearage of $216 as of January 25, 2006, and remanded the matter to the juvenile and domestic relations district court "for all future matters."

Father filed a timely notice of appeal to this Court, whereupon he posted an appeal bond in the amount of $500.

ANALYSIS

Code § 16.1-296(H) reads, in pertinent part[3]:

> No appeal bond shall be required of a party appealing from an order of a juvenile and domestic relations district court *except for that portion of any order or judgment establishing a support arrearage* or suspending payment of support during pendency of an appeal. . . . An appeal will not be perfected unless such appeal bond *as may be required* is filed within 30 days from the entry of the final judgment or order.

(Emphasis added.) Thus, "an appeal bond is required only for [the appeal of] 'that portion of any order . . . establishing a support arrearage.'" Sharma v. Sharma, 46 Va. App. 584, 591, 620 S.E.2d 553, 557 (2005) (quoting Avery v. Commonwealth, 22 Va. App. 698, 700, 472 S.E.2d 675, 676 (1996)).

---

[2] The November 30, 2005 order of support also does not indicate that an arrearage existed on November 18, 2005, when the notice of appeal to circuit court was filed.

[3] There is no indication from the record that father's support obligation was suspended pending the appeal.

As both the plain language of Code § 16.1-296(H) and our holding in <u>Sharma</u> make clear, an appeal bond is not required when the appealed order does not establish an arrearage. Here, the juvenile and domestic relations district court order that was appealed to the circuit court only increased father's child support obligation. It did not establish an arrearage. A modification of child support is not an order establishing a support arrearage. Accordingly, father was not required to post an appeal bond when he appealed the juvenile and domestic relations district court order in this case.

CONCLUSION

The circuit court erred in dismissing father's appeal. We reverse and remand for further proceedings in the circuit court consistent with this opinion.

<u>Reversed and remanded.</u>