# CIRCUIT COURT OF ROANOKE COUNTY

Bob Woods Union 76, Inc.

v.

Ahmad J. Alotaibi

April 29, 2010

Case No. CL09001553-00

BY JUDGE CHARLES N. DORSEY

This matter is before the Court on the motion of Plaintiff to dismiss the appeal filed by Defendant. For the reasons that follow, the Court, after having considered the pleadings, the relevant case law, and the arguments of counsel grants the motion to dismiss.

*Facts*

On October 22, 2009, this case was heard in the Roanoke County General District Court upon an unlawful detainer action filed by Plaintiff against Defendant seeking possession of a premises located in Vinton, Virginia. The Roanoke County General District Court entered judgment in favor of Plaintiff and granted him possession of the premises as of December 31, 2009.

Defendant noted an appeal to this Court on October 30, 2009. No appeal bond was required in the Roanoke County General District Court. Regarding the appeal bond, the notice of appeal stated "none required per Judge. . . ." Plaintiff now moves the Court to dismiss the appeal filed by Defendant on the grounds that the Court does not have jurisdiction to hear this case.

334

*Analysis*

The requirements for appealing a matter from general district court to circuit court is governed by Virginia Code § 16.1-107:

> *No appeal shall be allowed unless and until the party applying for the same or someone for him shall give bond,* in an amount and with sufficient surety approved by the judge or by his clerk if there is one, to abide by such judgment as may be rendered on appeal if such appeal is perfected, or if not so perfected or if withdrawn pursuant to Section 16.1-106.1, then to satisfy the judgment of the court in which it was rendered. Such bond shall be posted within 30 days from the date of judgment, except for an appeal from the judgment of a general district court on an unlawful detainer pursuant to Section 8.01-129.

Va. Code Ann. § 16.1-107 (emphasis added). Section 8.01-129 states that bond appeals from general district court to circuit court for unlawful detainer actions must be taken within ten days of the date of the judgment.

The statutory requirements for appeal bonds are construed as mandatory, and failure to comply with these requirements "constitute[] a jurisdictional defect which cannot be corrected after the expiration of the time within which an appeal may be taken." *Commonwealth, Va. Dep't of Social Servs., ex rel. May v. Walker*, 253 Va. 319, 322, 485 S.E.2d 134, 136 (1997) (citations omitted).

In a similar case, it has been held that an appeal bond of zero dollars does not fulfill the purpose of an appeal bond, which is to assure that any judgment rendered on appeal would be satisfied. *Sharma v. Sharma*, 46 Va. App. 584, 589-90, 620 S.E.2d 553, 556 (2005). It is the appellant's responsibility to ensure that the correct bond is set, and failure to do so divests the circuit court of jurisdiction. *Id.* at 590, 620 S.E.2d at 556. Lastly, a zero dollar bond is not a deficient bond, but is a failure to post the required bond. *Id.* at 594, 620 S.E.2d at 558. Thus, this was a jurisdictional defect that could not be cured by Va. Code § 16.1-109. *Id.*, 620 S.E.2d at 558. Section 16.1-109 allows a trial court to correct defects in an appeal bond of a proceeding in a court not of record. *See Burks v. Three Hills Corp.*, 214 Va. 322, 323, 200 S.E.2d 521, 522 (1973).

In this case, Va. Code § 16.1-107 mandates an appeal bond, and the posting of this bond was required within ten days from the date of

judgment. Since no bond was given, this Court does not have jurisdiction to hear the appeal and Plaintiff's motion to dismiss is granted.