# CIRCUIT COURT OF THE CITY OF ROANOKE

FedStar, Federal
Credit Union

v.

Euro-Specialty, Inc.

October 8, 2015

Case No. CL15-1442

BY JUDGE DAVID B. CARSON

This matter is before the Court on the motion of FedStar, Federal Credit Union, Plaintiff/Counter Defendant ("FedStar"), to dismiss the appeal filed by Euro-Specialty, Inc., the Defendant/Counter Plaintiff ("Euro-Specialty"). The appeal was filed by Euro-Specialty, the Defendant and Counter-Plaintiff. For the reasons stated below, the Court, having considered the pleadings and relevant law, denies FedStar's motion to dismiss.

## I. *Facts*

FedStar had a secured interest of $16,445.09 in an automobile owned by Lee Mack. While in Mr. Mack's possession and while Mr. Mack was in default on his loan obligation to FedStar, the car was damaged in a collision and taken to Euro-Specialty for repairs. Mr. Mack did not have auto insurance at the time of the collision. Once the other driver's insurance company approved repairs up to $15,000.00, Euro-Specialty made repairs to the car. The insurance company paid $6,865.39 to Euro-Specialty in partial payment for the repairs. The rest of the money from the insurance company was paid directly to Mr. Mack, who has since absconded with the money. Euro-Specialty is still owed approximately $7,000.00 for repairs to the vehicle.

In July of 2014, FedStar demanded possession of the car to sell to cover Mr. Mack's default. After securing $1,100.00 from FedStar in payment of Euro-Specialty's priority lien for repairs and storage fees, Euro-Specialty transferred possession of the car to FedStar. FedStar eventually sold the car at public auction in November of 2014, making a net profit of $10,405.00.

Euro-Specialty counterclaimed and argued that it was entitled to some of that profit and to hold otherwise would unjustly enrich FedStar because of the increased value of the car created by the repairs. FedStar argued that its lien priority allowed it to keep all proceeds up to its original $16,445.09 secured interest.

On July 24, 2015, the Roanoke City General District Court dismissed Euro-Specialty's counterclaim against FedStar. (The original claim by FedStar against Euro-Specialty was rendered moot because the parties satisfied that claim before the trial.) At trial, the Roanoke City General District Court entered judgment for FedStar on the counterclaim. While judgment was for FedStar, the Court assessed no monetary judgment against Euro-Specialty.

Euro-Specialty timely filed its Notice of Appeal on July 29, 2015. The Roanoke City General District Court required an appeal bond of "$0.00 due by August 24, 2015, at 4 p.m." Euro-Specialty timely deposited $138.00 to cover the costs of the appeal with the Circuit Court Clerk. FedStar now moves the Court to dismiss Euro-Specialty's appeal on the grounds that the Court lacks jurisdiction due to FedStar's failure to post an appeal bond in accordance with Virginia Code § 16.1-107.

## II. Analysis

An appeal from general district court to circuit court is governed by Virginia Code § 16.1-107, which states, in relevant part:

> No appeal shall be allowed unless and until the party applying for the same or someone for him shall give bond, *in an amount and with sufficient surety approved by the judge or by his clerk if there is one, to abide by such judgment as may be rendered on appeal if such appeal is perfected, or if not so perfected or if withdrawn pursuant to Section 16.1-106.1, then to satisfy the judgment of the court in which it was rendered. . . .*

Va. Code Ann. § 16.1-107 (emphasis added).

Euro-Specialty's Notice of Appeal lists an appeal bond of "$0.00 due by August 24, 2015, at 4 p.m." The purpose of an appeal bond is to assure payment of any judgment rendered by the trial court, and any damages incurred by the suspension of the judgment, if the appellant is unsuccessful on appeal. *Tauber v. Commonwealth, ex rel. Kilgore*, 263 Va. 520, 545, 562 S.E.2d 118, 132 (2002). While the General District Court found for FedStar on Euro-Specialty's counterclaim, there was no money judgment entered against Euro-Specialty in favor of FedStar. As such, there are no financial interests of FedStar to protect during the appeal. Additionally, Euro-Specialty argues that it is impossible for it to post an appeal bond beyond the costs of the appeal because there was no monetary amount assessed

against it. The General District Court Clerk apparently agreed with Euro-Specialty, setting the cost of the appeal bond at $0.00.

The Virginia Code specifically addresses how to handle an appeal bond when no money judgment is entered. Virginia Code § 16.1-107 states:

> If the appeal is by a party against whom there is no recovery except for costs, the [appeal] bond shall be conditioned for the payment of such costs and damages as may be awarded against him on the appeal.

Va. Code Ann. § 16.1-107.

Virginia Code § 16.1-108 further states:

> In lieu of giving bond with surety as provided in this article, any party appealing from the judgment or order of the court may deposit with the judge or clerk thereof, who shall issue his official receipt therefor, *such sum of money as the judge or clerk may estimate to be sufficient to discharge any judgment or order which may be entered by the court of record on the trial of the appeal to secure the appeal bond.* The money so deposited shall be transmitted in cash, by check of the court, surety bond, or bank check, or by draft from the escrow account of the appealing party's attorney to the clerk of court to which the appeal is taken, who shall likewise issue his official receipt therefor.

Va. Code Ann. § 16.1-108 (emphasis added).

Despite the statutory provisions, FedStar argues that an appeal bond of $0.00 precludes a circuit court from exercising jurisdiction. FedStar cites *Sharma v. Sharma*, 46 Va. App. 584, 620 S.E.2d 553 (2005), which states that an "appeal bond of zero dollars does not fulfill the purpose of an appeal bond, which is to assure that any judgment rendered on appeal would be satisfied." However, in *Sharma*, there was a monetary judgment of $694.27 entered against the appellant, and the appeal bond of "0" listed on the Notice of Appeal was apparently a clerical error.

*Sharma* differs significantly from this case. Here, no money judgment was entered against Euro-Specialty. Therefore, under Virginia Code § 16.1-107, the full amount of the appeal bond is the costs of the appeal. Euro-Specialty paid those costs by depositing $138.00 with the Circuit Court Clerk. This satisfies the requirements of Virginia law. To preclude a party from appeal based solely on a lower court assessing no monetary judgment against them would be a misapplication of Virginia Code §§ 16.1-107, 16.1–108.

Because no money judgment was entered against Euro-Specialty, the full payment by Euro-Specialty of the appeal costs satisfies the requirements

and purpose of an appeal bond. For this reason, this Court denies FedStar's motion to dismiss.