UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Decker, Judges AtLee and Friedman
Argued at Fredericksburg, Virginia

NYDIA BLAKE AND
  REBECCA MONTALVO

v.        Record No. 0612-22-4

MARINA TAMARIT COUK

MEMORANDUM OPINION[*] BY
JUDGE RICHARD Y. ATLEE, JR.
APRIL 25, 2023

FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
Angela L. Horan, Judge

J. Scott Krein (Krein Law Firm, on brief), for appellants.

No brief or argument for appellee.[1]

Appellants Nydia Blake and Rebecca Montalvo argue the circuit court erred in granting

Marina Tamarit Couk's motion to vacate the circuit court's February 11, 2022 order and

remanding the case to the General District Court of Prince William County ("GDC") with

instructions that the GDC order Couk to post an appeal bond as required by Code § 16.1-107(A).

For the following reasons, we disagree with appellants' contentions and affirm.

I. BACKGROUND

The pertinent facts on appeal are not in dispute.  In December 2021, appellants filed a

warrant in detinue in the GDC over two dogs whom they alleged Couk was unlawfully refusing

to return to Montalvo, their rightful owner.[2]  The GDC ruled in favor of Montalvo and Blake,

_____

[*] This opinion is not designated for publication.  *See* Code § 17.1-413.

[1] Appellee's counsel of record is listed as August McCarthy.

[2] Although the underlying facts of the dispute do not affect our analysis on appeal, we
nonetheless provide a brief synopsis for context.  Montalvo and Couk were initially on good

awarding them the two dogs or monetary compensation of $1,000 per dog. Couk noted her appeal to the circuit court and paid a $126 writ tax. Through counsel, she asked about the bond amount and whether she needed to file a motion to set bond. A deputy clerk informed her there was "no appeal bond per the judge." The GDC transferred the case to the circuit court without the posting of an appeal bond.

In the circuit court, Blake and Montalvo moved to dismiss because Couk had not posted bond within 30 days of judgment as required by Code § 16.1-107(A).[3] The circuit court dismissed the appeal for lack of jurisdiction because no bond had been filed.

Couk, at first *pro se*, timely filed a motion for the circuit court to vacate judgment or grant a rehearing on the circuit court's dismissal of the appeal. Later, through counsel, she filed motions to reconsider, vacate, and remand the case to the GDC. She argued that the GDC erroneously failed to require a bond and she did not discover this failure until the case was before the circuit court, despite her efforts to ascertain the amount of, and her willingness to pay, bond in order to perfect her appeal. Couk argued that the circuit court had erred in dismissing the appeal, and instead it should have remanded the case to the GDC so it could order an appeal bond and thus "correct the problem the GDC created when it failed to require an appeal bond,"

---

terms. Blake is Montalvo's mother, and they live together. Montalvo adopted the first dog while traveling in Spain, and Couk later helped obtain a second dog of the same breed. Montalvo and Blake, the only parties to file a brief with this Court, contend that Couk got this second dog on Montalvo's behalf and that Montalvo was the sole owner of both dogs. At some point, after Montalvo had been deployed abroad, Couk was in possession of both dogs and refused to return either of them, prompting appellants to file suit.

[3] "No appeal shall be allowed unless and until the party applying for the same or someone for him shall give bond . . . ." Code § 16.1-107(A).

pursuant to the remedy provided in Code § 16.1-109(B)(ii).[4] The circuit court stayed the dismissal of the appeal and scheduled a hearing on the motions. Both parties filed additional briefing, and, following argument, the circuit court vacated its dismissal order and further ordered that the case be remanded to the GDC for it to set and order bond. Blake and Montalvo now appeal the circuit court's remand order.

## II. ANALYSIS

Appellants argue that the circuit court erred in (1) "exercising jurisdiction of these proceedings where appellee failed to post the bond," (2) "holding appellee's jurisdictional obligation to post the appeal bond required by . . . Code § 16.1-107 is dependent on the [GDC] setting a bond amount," (3) holding that the GDC was required to set bond, and (4) ruling that this failure to set bond was learned of only after the case had been appealed to the circuit court.

### A. *Standards of Review*

Appellants' assigned errors primarily concern statutory construction, which are questions of law, reviewed de novo. *Parker v. Warren*, 273 Va. 20, 23 (2007). To the extent their final assigned error, whether the failure to order bond was discovered after the matter was sent to the circuit court, involves issues of fact, we ask if "it appears from the evidence that such judgment

---

[4] Code § 16.1-109(B) states, in pertinent part:

> When a bond or other security is required by law to be posted or given in connection with an appeal or removal from a district court, and . . . (ii) the district court erroneously failed to require the bond or other security, and . . . the error or failure is discovered after the case has been sent to the circuit court, the circuit court shall return the case to the district court for the district court to order the appellant or applicant for removal to cure the defect or post the required bond or give the required security within a period of time not longer than the initial period of time for posting the bond or giving the security for removal.

is plainly wrong or without evidence to support it." *Atrium Unit Owners Ass'n v. King*, 266 Va. 288, 293 (2003) (quoting Code § 8.01-680).

B. *Requirement to Order and Post Bond and Application of Code § 16.1-109(B)*

The crux of the disagreement, and the bulk of appellants' assigned errors, is whether Couk was obligated to post an adequate bond under Code § 16.1-107(A), regardless of whether the GDC ordered it, and if the failure to do so was fatal to her appeal in the circuit court.

Code § 16.1-107(A) is clear that "[n]o appeal shall be allowed unless and until the party applying for the same or someone for him shall give bond." Such bond must be "in an amount and with sufficient surety approved by the judge or by his clerk if there is one, or in an amount sufficient to satisfy the judgment of the court in which it was rendered." *Id.* It is well established that "the posting of a bond is mandatory, and failure to post the bond deprives the circuit court of jurisdiction to hear the appeal and results in dismissal of the appeal." *Forte v. Commonwealth, Dep't of Soc. Servs., Div. of Child Support Enf't, ex rel. Newsome*, 65 Va. App. 1, 8-9 (2015) (describing the effect of an analogous provision, Code § 16.1-296, which concerns appeals from juvenile and domestic relations district court cases). This requirement serves an important purpose: "[a]n appeal bond provides assurances that any judgment that may be rendered on appeal, if perfected, will be satisfied." *Mahoney v. Mahoney*, 34 Va. App. 63, 67 (2000) (en banc).

Appellants argue that the language of Code § 16.1-107(A) places the responsibility upon the appealing party to post bond, regardless of whether the GDC orders it. Although we appreciate that the statute speaks in terms of what an appealing party must do, if we were to accept appellants' argument here, it leads to logical absurdities when considered in context. Primarily, we fail to see why the legislature would have enacted Code § 16.1-109(B)(ii), which the circuit court followed here in remanding the case to the GDC, if not for the possibility that a

GDC might "erroneously fail[] to require the bond or other security." Code § 16.1-109(B)(ii).[5] Where, as here, "the error or failure is discovered after the case has been sent to the circuit court, the circuit court shall return the case to the district court for the district court to order the appellant or applicant for removal to cure the defect or post the required bond." *Id.* This is exactly what took place, which appellants nonetheless argue was error.

Our rationale in *Sharma v. Sharma*, 46 Va. App. 584 (2005), decided prior to the enactment of Code § 16.1-109(B), demonstrates how the enactment of Code § 16.1-109(B) undermines appellants' argument. Prior to the addition of subsection (B) to Code § 16.1-109,[6] we held "Code § 16.1-109 comes into play only when the appeal bond posted is inadequate or in some fashion is defective." *Sharma*, 46 Va. App. at 594. We held that it provided no remedy either when the lower court[7] fails to order bond or when it erroneously sets it at $0. *Id.* Without the provisions of subsection (B), the language of "Code § 16.1-109 presuppose[d] that an appeal bond was posted and the circuit court has jurisdiction to increase the bond." *Id.* at 594-95. Therefore, "the circuit court . . . has no jurisdiction to implement Code § 16.1-109 if no appeal bond was posted," *id.* at 594, and "it [wa]s the appellant's responsibility to have the [lower court's] judge or clerk to set a bond and approve the surety," *id.* at 590.

---

[5] Appellants' argument that "[n]othing prevented Couk from giving bond," despite no bond being set or ordered, does not bear out practically. Even though "an amount sufficient to satisfy the judgment of the court in which it was rendered," Code § 16.1-107(A), is fairly straightforward here, since the GDC set the value of the dogs at $2,000, Couk would not have been able to remit that amount to the GDC, because, as Couk noted in her briefing below, a clerk's office does not accept an appeal bond where the judge did not order it.

[6] At this point, the statute only allowed a "court to which the appeal is taken" to "require the appellant to give new or additional security." Code § 16.1-109(A).

[7] In *Sharma*, this Court dealt with an analogous provision, requiring the payment of bond in appeals from juvenile and domestic relations district court cases, Code § 16.1-296, versus civil appeals from a GDC, Code § 16.1-107.

But the logic of *Sharma* evaporates when one considers the purpose and effect of subsection (B). The provision only comes into play when there is "a defect in such bond or other security as a result of an error of the district court, or . . . the district court erroneously failed to require the bond or other security." Code § 16.1-109(B). Inherently, it presupposes a scenario where, as here, the GDC might fail to set or order bond and the matter nonetheless is appealed to the circuit court. Therefore, it cannot be incumbent upon the party appealing to the circuit court to identify the error before noting their appeal, or require that party to post some un-specified, un-ordered bond, otherwise the provisions of Code § 16.1-109(B) would be rendered superfluous. *See Wilson v. Commonwealth*, 66 Va. App. 9, 15 (2016) ("This Court will 'interpret statutory language, whenever possible, to avoid rendering other statutory language superfluous.'" (quoting *Epps v. Commonwealth*, 59 Va. App. 71, 80 (2011))). So, to the extent that *Sharma* stands for the principle that an appellant has no remedy if a lower court either fails to order bond or orders a deficient bond, it is abrogated by the subsequent enactment of the language in Code § 16.1-109(B).[8] Accordingly, we find no error in the circuit court following the procedures set forth in Code § 16.1-109(B)(ii) and remanding the case to the GDC.

### C. *When the Failure to Order Bond is Discovered*

Appellants' final assignment of error argues that "[t]he circuit court erred in holding the general district court's purported failure was 'discovered after the case [had] been sent to the circuit court'" (second alteration in original) (quoting Code § 16.1-109).

Although Couk was necessarily aware that no bond had been ordered prior to the case being appealed to the circuit court, as she inquired about that bond and whether she should file a

---

[8] Furthermore, unlike in prior cases, we have evidence Couk not only inquired as to the amount of bond and when the GDC would order it, but she even asked if she needed to file a motion to request that the GDC do so. A deputy clerk with the GDC said she did not. This is distinct from prior cases, where no effort was made to inquire about or pay any bond, and thus "there [wa]s a total failure to comply with the statute." *Sharma*, 46 Va. App. at 594.

motion for it in the GDC, there is nothing to suggest that she was aware that this constituted an error or failure under Code § 16.1-107(A) until after the case was sent to the circuit court (and appellants filed to dismiss the appeal on those grounds). And the provisions of Code § 16.1-109(B) make little sense if one cares only about when a party realizes that the GDC did not set or order bond—instead, what matters is when it is identified as an "error or failure" that might be ameliorated.

Using appellants' logic, Couk's remedy would lie earlier in Code § 16.1-109(B)(ii), which provides that if

> the district court erroneously failed to require the bond or other security, and the defect or failure is discovered *prior to sending the case to the circuit court*, the district court shall order that the appellant . . . cure such defect or failure within a period not longer than the initial period of time for posting the bond or giving the security.

Code § 16.1-109(B)(ii) (emphasis added). The statue continues, however:

> If the error or failure [to set and order bond] is discovered *after the case has been sent to the circuit court*, the circuit court shall return the case to the district court for the district court to order the appellant . . . to cure the defect or post the required bond or give the required security within a period of time not longer than the initial period of time for posting the bond or giving the security for removal.

*Id.* (emphasis added).

The distinction between the remedies provided, depending upon when the failure to order bond is discovered, does not shift any burden to Couk. It essentially provides the same remedy—the GDC setting and ordering bond—with the former being handled while the case is still in the GDC, and the other being handled by the circuit court which needs to send it back to the GDC, depending on which court has control over the case at the time the error is brought to light.

Here, there is no question that when the error was discovered, the GDC had already certified the case to the circuit court, and the GDC no longer had jurisdiction. Therefore, the circuit court acted in accordance with the pertinent statutory remedy for when the failure to order bond is discovered after being certified to the circuit court. As such, we see no merit in appellants' argument and find no error in the circuit court following the procedures in Code § 16.1-109(B)(ii).

## III. CONCLUSION

For the foregoing reasons, we find no error in the circuit court remanding the matter to the GDC for it to set and order bond in compliance with Code § 16.1-107(A), and we affirm.

*Affirmed.*